Daniel, J.
 

 The owners of the Saw Mill agreed to give the plaintiff four dollars per thousand feet for his raft of timber, when inspected and measured. The timber was impounded, to secure it against the dangers of the river, and to have it ready for inspection and measurement. When it was placed in the pen, it was not intended to be an absolute delivery ; the constructive possession was still in the vendor; there remained something to be done by the vendor, to wit, to have it inspected and measured. It is a well settled rule of law that the vendee’s title to the property is not complete by force of a contract of sale, if any thing-remain to be done on the part of the seller to ascertain the price, quantity, or individuality of the goods before delivery : thus if a portion of a larger quantity be sold and cannot be ascertained without weighing or measuring, or other act separating and distinguishing it from the rest, the purchaser has no title, till his portion has been set apart.
 
 Burk
 
 v
 
 Davies,
 
 2 Maul. & S. 397.
 
 Austin
 
 v
 
 Craner,
 
 4 Taunton, 644.
 
 White
 
 v
 
 Wilks,
 
 5 Taunton, 176.
 
 Simmons
 
 v
 
 Swift,
 
 12 Eng. C. L. R. 388. Judge Kent says, it is a fundamental principle, pervading everywhere the doctrine of the sales of chattels, that if the goods be sold by number, weight, or measure, the sale is incomplete, and the risk continues with the seller, until the specific property be separated and identified. 2 Kent’s Com-496.
 

 We are of the opinion that the charge of the Judge below was correct, and that the judgment must be affirmed.
 

 Per Cueiaw. Judgment affirmed.