CHARLES HEISER v. G. A. MEARS & SONS.

*Action for Damages for Breach of Contract—Executory Contract to Manufacture and Deliver Goods—Countermanding Order—Rescission of Contract.*

1. A contract for specific articles to be thereafter manufactured and delivered is executory, and no title to the articles passes until finished and delivered, and the buyer has no title to or interest in the material used.

2. Where the buyer countermands his order for goods to be manufactured for him under an executory contract, before the goods are finished, it is notice to the other party that he elects to rescind his contract and submit to the legal measure of damages resulting from the breach.

3. Where an executory contract for the manufacture of goods is rescinded by the buyer before the work is finished, the measure of damages is the difference between the contract price and the market value of the goods at the time of the breach.

CIVIL ACTION, tried at April Special Term, 1896, of BUNCOMBE Superior Court, before *Hoke, J.*, and a jury. The plaintiff sued for $347.50, the contract price of a lot of shoes, manufactured for defendants, under their order, which they countermanded before the work was finished. Notwithstanding the rescission plaintiff finished and shipped the goods to defendants. The jury found the

issues in favor of the plaintiff, but, under the charge of his Honor that the measure of damages was the difference between the contract price and the market value of the shoes at the time they were to have been delivered, assessed plaintiff's damages at only $86.75, and plaintiff appealed, assigning as error the said instruction as to damages and the failure of his Honor to give certain other instructions prayed for.

*Messrs. T. H. Cobb* and *C. A. Webb*, for plaintiff (appellant).

*Messrs. Moore & Moore*, for defendants.

FAIRCLOTH, C. J.: The defendants, retail merchants in Asheville, N. C., on May 21, 1894, contracted with the plaintiff, a wholesale manufacturer of Baltimore, Md., for a lot of shoes to be soon thereafter manufactured and delivered. On May 26, 1894, the plaintiff received written notice from the defendants not to make the shoes, and that the defendants could not take them. At that time the plaintiff "had cut the leather for the uppers preparatory to making the shoes and partly fitted them to the lasts." The plaintiff refused to accept the countermand, finished the shoes and tendered them to the defendants, who refused to receive and pay for them. The plaintiff now sues for the entire contract price. His Honor charged the jury that the measure of the plaintiff's damages was the difference between the contract price and the market value of the goods at the time they were to be delivered. Plaintiff appealed.

In a contract for the sale of specific articles, then in existence and ready for delivery, and the purchaser refuses compliance, the seller has three remedies at his option:

1. To treat the property as his own and sue for damages.
2. As the property of the buyer and sue for the price.

3. As the property of the buyer, and to resell it for him and sue for the difference between the contract price and that obtained on resale.

A contract for specific articles to be thereafter manufactured and delivered is executory, and no title to the article passes until finished and delivered, and the buyer has no title to, or interest in, the material used.

The option, in the instance first above stated, is allowed the vendor, because he is ready to comply and the vendee is guilty of a breach of promise.

When the contract is executory and the buyer countermands his order, that is notice to the other party that he elects to rescind his contract and submit to the legal measure of damages, which must result from every breach of contract.

We think his Honor gave the jury proper instruction, except that he should have said, "at the time of the breach," instead of "at the time the goods were to be delivered." That error does not hurt the defendant, as he does not appeal. His Honor properly refused the plaintiff's prayer for special instructions. When the plaintiff was notified of the defendants' rescission of the agreement, it seems unreasonable that the plaintiff should continue to manufacture and thus continue to increase his damages. This conclusion assumes that the title to the shoes never passed, as it could not possibly do, before they were finished and put in the condition contemplated by the contractors. Benjamin on Sales, Sections 1117, 1121, 86Cn (9); *Hosmer* v. *Wilson*, 7 Mich., 294, 303; *Devane* v. *Fennell*, 24 N. C., 36. This was the only question in the case.

Affirmed.