E. GREENBLATT, *Plaintiff in Error*, v. McCALL & COM-
PANY, A CORPORATION, *Defendant in Error*.

Opinion Filed March 3, 1914.

Rehearing Denied March 31, 1914.

1. Whether the amount mentioned in a contract to be paid upon
a breach thereof is to be considered as liquidated damages,
or as a penalty merely, is a question of law for the court to
determine from the nature of the contract, the terms and
purpose of the whole instrument, the natural and ordinary
consequences of a breach, and the peculiar circumstances
attending each case as it arises.

2. The mere denomination of the sum to be paid as "liquidated
damages" is not conclusive as to its real character and legal
effect. When the agreement is to pay the same large sum
for a partial as for a complete breach, the sum will be regard-
ed as a penalty.

3. When an amount agreed upon as stipulated damages for the
breach of a contract may easily be excessive with reference
to the terms, nature and purpose of the contract, making it
a matter held *in terrorem* over either party, it may be held
a penalty, even though it be specifically designated as liqui-
dated damages.

4. Where a fixed sum is named to secure the performance of a
contract containing stipulations of widely differing import-
ance, for any of which the stipulated sum is an excessive
compensation, the designated sum may be regarded as a
penalty.

5. When a stipulated amount agreed to be paid for the breach
of a contract is in law a penalty, the plaintiff must, among
other essentials, allege and prove the damage actually re-
sulting from the breach, and not merely claim the specific
sum fixed in the contract.

6. An agreement that for a breach of "any of the terms or conditions" of a contract for the sale of goods, the other party "may recover and receive as liquidated damages and not as a penalty, a sum equal to two-thirds of the agreed charge for all goods the contract provides shall be delivered during the remaining term of the contract," is held under the peculiar circumstances of this case to warrant the court in enforcing the agreement as for a penalty and not for liquidated damages, notwithstanding the express terms used.

7. Where the liability of a defendant is for a penalty and a count of the declaration does not contain the essentials for a recovery of a penalty, a demurrer thereto should be sustained.

8. A contract is not void because it was executed on Sunday, such execution not being manual labor on Sunday that is forbidden by Statute.

9. Pleas of fraud in executing a contract that do not aver the defendant who is *sui juris* had no opportunity to fully acquaint himself with the terms of the contract executed by him, or sufficiently set up fraud that would be legal defense to the particular action, are insufficient on demurrer.

10. Where a separable amount is erroneously included in a judgment a remittitur of the amount erroneously included may be permitted in lieu of a new trial.

Writ of Error to Circuit Court for Escambia County; J. Emmet Wolfe, Judge.

Remittitur or new trial allowed.

*J. P. Stokes*, for Plaintiff in Error;

*Reeves & Watson & Pasco* and *L. W. Nelson*, for Defendant in Error.

WHITFIELD, J.—The McCall Company brought an action against Greenblatt, the first count of the declaration being for the value of goods sold and delivered under a special contract; the second count is for liquidated damages for an alleged breach of the special contract; the remaining being common counts. A demurrer to the second count was overruled. Special pleas that the contract being executed and delivered on Sunday is void and that defendant's signature to the contract was secured by misrepresentations, were overruled on demurrer. The defendant declining to plead further, judgment for the plaintiff was rendered in $419.84 for goods sold and delivered, and $1,079.60 as "damages for the breach of the contract," with interest. The defendant took writ of error, and assigns for error the orders of the court in overruling the demurrer to the second count of the declaration, in sustaining demurrers to the pleas, and in entering judgment for the plaintiff.

The contract dated April 22, 1911, provides for the sale and shipment to Greenblatt of a stock of "McCall Patterns" amounting to $300.00 net, including the May issue of patterns and for monthly shipments of patterns thereafter not exceeding an average of $30.00 per month, with numerous terms and conditions, the contract to continue for three years after the first shipment of patterns, and longer unless terminated by notice in writing. It provides that on failure to perform "any of the terms or conditions" of the contract, the other party be released from all future obligations under the contract, and may recover and receive as liquidated damages and not as a penalty, a sum equal to two-thirds of the agreed charge for all goods the contract provides shall be delivered during the remaining term of the contract." Among the terms and conditions it is provided that the seller is to

make selection of monthly patterns to be shipped; that the patterns are to be sold only at catalogue retail prices; that the stock of patterns is to be kept and offered for sale on the first floor; that the buyer will not sell other patterns than the McCall patterns received from the seller during the term of the contract order; and that failure to pay for goods received in a stated time would be a total breach of the contract.

The second count alleges a total breach of the contract by Greenblatt on July 8th, 1911, and claims "as liquidated damages a sum equal to two-thirds of the agreed charge for all goods the contract provided to be delivered during the remaining term of the said contract from the time of said breach by the defendant."

The demurrer to the second count of the declaration is in substance on the ground that in legal effect the contract provides for the recovery of a penalty and not liquidated damages, and that the allegations are insufficient for the recovery of a penalty.

Whether the amount mentioned in a contract to be paid upon a breach thereof is to be considered as liquidated damages, or as a penalty merely, is a question of law for the court to determine from the nature of the contract, the terms and purpose of the whole instrument, the natural and ordinary consequences of a breach, and the peculiar circumstances attending each case as it arises.

The mere denomination of the sum to be paid as "liquidated damages" is not conclusive as to its real character and legal effect. When the agreement is to pay the same large sum for a partial as for a complete breach, the sum will be regarded as a penalty. Where the amount stated may easily be excessive with reference to the terms, nature and purpose of the contract, making it a matter held *in*

*terrorem* over either party, it may be held a penalty, even though it be specifically designated as liquidated damages.

Where a fixed sum is named to secure the performance of a contract containing stipulations of widely differing importance, for any of which ithe stipulated sum is an excessive compensation, the designated sum may be regarded as a penalty. When the fixed amount is in law a penalty, the plaintiff must, among other essentials, allege and prove the damage actually resulting from the breach, and not merely claim the specific sum fixed in the contract. See Smith v. Newell, 37 Fla. 147, 20 South. Rep. 249; Bradstreet v. Baker, 14 R. I. 546; Gillilan v. Rollins, 41 Neb. 540, 59 N. W. Rep. 893. See also 19 Am. & Eng. Ency Law. (2nd ed.) 411; Condon v. Kemper, 47 Kan. 126, 27 Pac. Rep. 829, 13 L. R. A. 671.

In this case the fixed amount of two-thirds of the agreed charge for all goods the contract provided to be delivered during the remaining term of the said contract is plainly excessive as compensatory damages for a breach of the contract; and under the peculiar terms of the contract and the circumstances of this case, the amount stipulated to be paid for a breach "of any of the terms or conditions of the contract" should be held to be in law a penalty and not liquidated damages, notwithstanding the designation of it in the contract.

As the second count of the declaration does not contain the essential allegations for the recovery of a penalty, the demurrer thereto was erroneously overruled; and the amount allowed as liquidated damages by the court under that count was erroneously included in the judgment.

There was no error in sustaining the demurrers to the

pleas insofar as they extend to the good count of the declaration.

The contract was not void because it was executed and delivered on Sunday, since the execution of the contract was not engaging in manual labor forbidden by the statute. See Hooks v. State, 58 Fla. 57, 50 South. Rep. 586.

The pleas do not aver that the defendant had no opportunity to fully acquaint himself with the terms of the contract, or sufficiently set up fraud that would be a legal defense to an action for the goods sold and delivered under the contract.

As the amount erroneously included in the judgment for liquidated damages may be readily eliminated, the plaintiff below will be given the privilege of remitting that portion of the judgment. See Seaboard Air Line Ry. v. Simon, 56 Fla. 545, 47 South. Rep. 1001, 20 L. R. A. (N. S.) 126, 16 Ann. Cas. 1234.

If the defendant in error do within thirty days enter a remittitur for the liquidated damages allowed, the judgment will be affirmed; otherwise, the judgment stands reversed

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.