LOUISVILLE & NASHVILLE RAILROAD COMPANY, *Plaintiff in Error*, v. C. M. FRANK, *Defendant in Error*.

Opinion Filed October 24, 1918.

1. In ordering a remittitur the Court does not invade the province of the Jury, but merely indicates an amount it would not consider excessive.

2. To facilitate the administration of the law and the final disposition of litigated causes, the Courts may permit remittiturs in cases where excessive damages are awarded; and a judgment may be affirmed conditional upon a remittitur made, or reversed if the indicated remittitur is not duly made.

3. Where a charge given as to the measure of damages is not justified by the evidence, and the verdict under the charge is manifestly excessive, a remittitur may be permitted or the judgment reversed.

Writ of Error to Court of Record for Escambia County; Kirk Monroe, Judge.

Judgment affirmed if remittitur is entered.

*Blount & Blount & Carter,* for Plaintiff in Error;

*R. P. Reese* and *John P. Stokes,* for Defendant in Error.

WHITFIELD, J.—Frank brought an action for damages alleging that by reason of the negligence of the defendant railroad company in failing to signal and stop a passenger train at a flag-station where plaintiff was to entrain as a passenger, he "was greatly inconvenienced and caused unnecessary expense of hotel bills and was made sick with cold and caused to suffer in mind and in body and lost much time from his vocation and the consequent loss of earnings."

Trial was had on a plea of not guilty resulting in verdict and judgment for $500.00 and interest as damages. On writ of error it is contended that reversible error was committed in the admission of testimony and in giving and refusing charges.

Testimony that plaintiff was exposed to the rain in the night while going from the waiting room to get on the train that did not stop and in returning to a hotel when the train passed without stopping, was admissible, since the company's failure to stop the train and to afford the passenger a safe place to entrain may have proximately caused sickness and physical suffering owing to the rain.

The following charge was given: "If you find for the plaintiff, the element of damages to be considered by you

would be, first, the physical suffering, if any, resulting directly or proximately to the plaintiff as a result of the defendant's negligence, if the defendant was negligent; second, any necessary additional expense incurred by the plaintiff as a direct result of the defendant's negligence, if it was negligent, and, third, any loss of time which the plaintiff may have suffered from his business on account of the defendant's negligence, if the defendant was negligent."

The plaintiff testified: "I took a severe cold and was treated, I suppose, three or four weeks. I did not go to bed for the cold. I attended to my duties, but I was bothered considerably with a bad cold. I was taking medicine and I was sick all the time." "I would say that my actual expenses as the result of being left were about $1.35. I was treated for my cold by Dr. Dewberry; I travel all the time; I got medicine at different places while on the road. I went back on the road about two days after this happened. I worked, but I could not work as I ought to. I attended to my duties as well as I could. I was two days in bed about two weeks after this happened with malarial fever."

There was no definite testimony as to the plaintiff's loss of time from business and consequent loss of earnings, and no testimony as to the value thereof.

In view of the meagre testimony the quoted charge was harmful error as shown by the damages awarded. Liability of the defendant appears, but on the evidence the damages awarded are plainly excessive.

In ordering a remittitur the court does not invade the province of the jury, but merely indicates an amount it would not consider excessive. Florida Ry. & Nav. Co. v Webster, 25 Fla. 394, 5 South. Rep. 714.

To facilitate the administration of the law and the final disposition of litigated causes, the courts may permit a remittitur in cases where excessive damages are awarded; and a judgment may be affirmed conditional upon a remittitur made, or reversed if the indicated remittiur is not duly made. Florida Ry. & Nav. Co. v. Webster, *supra;* Savannah, F. & W. Ry. Co. v. Davis, 25 Fla. 917, 7 South. Rep. 29; Lewis v. Meginniss, 30 Fla. 419, 12 South. Rep. 19; Turner v. Adams, 39 Fla. 86, 21 South. Rep. 575; Arnau v. First Nat. Bank, 36 Fla. 395, 18 South. Rep. 790; Florida Cent. & P. R. Co. v. Seymour, 44 Fla. 557, 33 South. Rep. 424; Florida, Cent. & P. R. Co. v. Foxworth, 45 Fla. 278, 34 South. Rep. 270; Florida Southern R. Co. v. Steen, 45 Fla. 313, 34 South. Rep. 571; Greenblatt v. McCall & Co., 67 Fla. 165, 64 South. Rep. 748; Florida East Coast R. Co. v. Hayes, 67 Fla. 101, 64 South. Rep. 504; Florida East Coast R. Co. v. Schumacher, 63 Fla. 137, 57 South. Rep. 603; Atlantic Coast Line R. Co. v. Pipkin, 64 Fla. 24, 59 South. Rep. 564; Harrell v. Durrance, 9 Fla. 490; National Surety Co. v. Williams, 74 Fla. 446, 77 South. Rep. 212; Seaboard Air Line Ry. v. Simon, 56 Fla. 545, 47 South. Rep. 1001; Postal Tel. Co. v. Scott, decided this term.

If the plaintiff remits $300.00 of the damages awarded the judgment will stand affirmed; otherwise the judgment is reversed. It is so ordered.

BROWNE, C. J., TAYLOR, ELLIS AND WEST, J. J., concur.