No error prejudicial to the plaintiff appearing in any of the respects urged by him, the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

NICHOLS, P. J., concurs in the judgment.
GRIFFITH, J., concurs.

JOLLEY, APPELLANT, v. GEORGEFF ET AL., APPELLEES.

(No. 4705—Decided March 14, 1952.)

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Itha-. mar D. Weed* and *Mr. Junius Hoffman,* for appellant. *Mr. Alfred J. Henney,* for appellees.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County, reversing the judgment of the Municipal Court of Columbus rendered in favor of the plaintiff for $1,000 as liquidated damages growing out of a breach of contract.

Plaintiff, appellant, contends the Common Pleas Court erred in reversing the judgment of the Municipal Court and also erred in rendering final judgment for the defendants.

With the exception of the question of damages, the facts in the case are undisputed. On July 7, 1943, plaintiff and defendant Tony Georgeff entered into a written contract whereby plaintiff agreed to install an automatic phonograph or "juke box" in the defendant's place of business. The contract provided that plaintiff should have the exclusive right to install and operate an automatic phonograph and other musical instruments in defendant's place of business for a period of five years. In the event of the breach of the contract by the defendant, referred to as "merchant," the contract provided: "Should merchant fail to perform the terms of this agreement, merchant agrees to pay operator the price of the instrument stated above as damages to operator." The contract provided that the phonograph and the attachments were priced at $1,000.

On November 4, 1947, or about eight months prior to the expiration of the five-year period, during which the contract was to be in effect, the defendant Tony Georgeff demanded in writing that plaintiff remove the instrument. On November 7, 1947, the plaintiff upon visiting defendant's place of business found that plain-

tiff's instrument had been disconnected and another instrument installed. The plaintiff promptly removed his instrument.

In his petition plaintiff prays for an award of damages in the sum of $1,000 against Tony Georgeff and Martha Georgeff, his wife.

There is no denial of the terms of the contract or that it was breached. The principal question presented is the amount of damages. The Municipal Court awarded damages in the amount of $1,000, which counsel agree was awarded as the price of the instrument. The Common Pleas Court reversed that judgment and held that the provision in the contract which stipulated the amount of damages in the event of a breach thereof was in the nature of a penalty and not liquidated damages. The Common Pleas Court did not order a remand but entered judgment for the defendants.

In our opinion the Common Pleas Court correctly held that the provision in the contract with respect to damages should be treated as a penalty and not as liquidated damages. In *Jones* v. *Stevens,* 112 Ohio St., 43, 146 N. E., 894, the court states the applicable principle of law in the syllabus as follows:

"1. To determine whether a sum named in a contract is intended as a penalty or as liquidated damages, it is necessary to look to the whole instrument, its subject matter, the ease or difficulty of measuring the breach in damages, and the amount of the stipulated sum, not only as compared with the value of the subject of the contract, but in proportion to the probable consequences of the breach, and also to the intent of the parties ascertained from the instrument itself in the light of the particular facts surrounding the making and execution of the contract.

"2. Where the parties have agreed on the amount of damages, ascertained by estimation and adjustment, and have expressed this agreement in clear and unam-

biguous terms, the amount so fixed should be treated as liquidated damages and not as a penalty, if the damages would be (1) uncertain as to amount and difficult of proof, and if (2) the contract as a whole is not so manifestly unconscionable, unreasonable, and disproportionate in amount as to justify the conclusion that it does not express the true intention of the parties, and if (3) the contract is consistent with the conclusion that it was the intention of the parties that damages in the amount stated should follow the breach thereof.''

In determining whether the sum mentioned in the contract to be paid in the event of a breach should be treated as a penalty or as liquidated damages, the court must construe the contract in light of the situation of the parties at the time of the execution of the contract. In *Miller* v. *Blockberger,* 111 Ohio St., 798, 146 N. E., 206, the first paragraph of the syllabus is as follows:

''In determining whether the sum provided in a contract to be paid in the event of its breach is liquidated damages, or a penalty, a court will construe the contract by its four corners in the light of the situation of the parties at the time of the execution of the contract, and from that position will determine whether the damages which would be sustained by reason of the breach could, at the time of the execution of the contract, by the process of computation and adjustment, have been easily and approximately ascertained; and, in determining whether they were so ascertained, will compare the amount stipulated with the amount of damages which would probably result from the breach, and if there is such discrepancy between the sum stipulated and the damages which would probably and naturally result from the breach as to indicate that the sum stipulated could not have been arrived at by a process of computation and adjustment, or if arrived at by process of computation and adjustment

such process did not have for its purpose compensation, but was arrived at for some purpose other than compensation, the sum stipulated will be held to be 'penalty' rather than 'liquidated damages.' "

In the instant case, the time of the breach is immaterial and is not to be considered in determining whether the stipulated sum is to be construed as a penalty or as liquidated damages. See *Doan* v. *Rogan,* 79 Ohio St., 372, 390, 87 N. E., 263, where the court rejects the time element as a factor. *Jacobs* v. *Shannon Furniture Co.,* 13 C. C. (N. S.), 140, 142, 22 C. D., 51, 53.

In the case at bar there is no evidence that the parties attempted to ascertain the damage in case of breach and no negotiations were had in regard thereto. The damages in the case of breach were not difficult of ascertainment, as is shown by the evidence. The contract provided that the price of the instrument should be the measure of damages. It is rather difficult to see how the price of the instrument bears any reasonable relation to the amount of the damages. Furthermore, the contract provided that the defendant Tony Georgeff was obligated to perform about nine separate specific things in connection with the installation and operation of the instrument and the severance of the relationship, and a breach of any one of the separate covenants would have given rise to the application of the damage provision in the contract. If the defendant Tony Georgeff had failed "to provide proper electrical wiring and sockets," to furnish the "electricity used in operating the same," "to keep said instrument prominently displayed," or to perform in several other respects, such failure would have constituted a breach and the damage clause would have been applicable. In *Miller* v. *Blockberger, supra,* the fourth paragraph of the syllabus is as follows:

"Where a contract contains several covenants, and

the stipulated forfeiture is applicable alike to each covenant, and would become due on the breach of a single covenant, and is clearly a penalty as to any one covenant, it will be held a 'penalty' as to all covenants.''

It is our opinion that the damage clause provided for the payment of an amount in the event of the breach of any of the terms of the contract; that such amount was an arbitrary one and was not arrived at by calculation or adjustment by the parties in an attempt to determine what the damages would be in the event of a breach; and that the price of the instrument bears no reasonable relation or proportion to the damages which may be suffered as a result of the breach. By applying the tests enumerated in *Jones* v. *Stevens, supra,* we conclude that the sum stipulated was a penalty and not liquidated damages.

The Common Pleas Court rendered judgment in favor of both defendants. With respect to Martha Georgeff, the wife, the judgment was correct. Martha Georgeff did not sign the contract and had no part whatever in the transaction. The undisputed evidence is that she owned no interest in the business. The judgment of the Common Pleas Court with respect to Martha Georgeff is affirmed.

The rule is well established in Ohio that where a contract provides for stipulated damages in the event of the breach thereof, and such provision is construed to be a penalty and not liquidated damages, the party claiming damages may recover such compensatory damages as he may be able to prove. *Miller* v. *Blockberger, supra,* 809; *Sheffield-King Milling Co.* v. *Domestic Science Baking Co.,* 95 Ohio St., 180, 115 N. E., 1014. See, also, *Roderick Lean Manufacturing Co.* v. *Casebere,* 18 N. P. (N. S.), 447, 456; *Poinsettia Dairy Products* v. *Wessel Co.,* 123 Fla., 120, 166 So., 306, 104 A. L. R., 216.

In the instant case, the court took evidence on the question of actual damage sustained by the plaintiff. There was some conflict in the evidence. The cause is remanded with respect to the claim for damages against Tony Georgeff to the trial court to pass upon the weight of the evidence as to the actual damages sustained by the plaintiff by reason of the breach.

*Judgment affirmed in part and reversed in part.*

HORNBECK, P. J., and MILLER, J., concur.