190 So.2d 197 (1966)
EQUITABLE FIRE & MARINE INSURANCE CO., Appellant,
v.
TIERNAN BUILDING CORPORATION, Appellee.
No. 254.
District Court of Appeal of Florida. Fourth District.
September 28, 1966.
*198 George H. Bailey, of Jones, Adams, Paine & Foster, West Palm Beach, for appellant.
C. Robert Burns, of Burns, Middleton, Rogers & Farrell, Palm Beach, for appellee.
WALDEN, Judge.
This is an appeal from a final judgment which awarded damages against a surety, Equitable Fire & Marine Insurance Co. (defendant/appellant), upon a performance bond.
An owner, Tiernan Building Corporation (plaintiff/appellee), contracted with a builder, American Structures, Inc., for the construction of a building. Their contract required American to furnish Tiernan with a performance bond. This was done, with Equitable being the compensated surety. The contract also provided that the building plans and specifications could not be modified, amended or deviated from unless the surety, Equitable, gave its written consent.
The contract specified that General Electric air conditioning units would be installed. Contrary to this, air conditioning units other than General Electric were used. This was accomplished with the consent of Tiernan, but without the knowledge and consent of the surety, Equitable. The substituted units were substantially inferior and did not function satisfactorily.
More than a year following completion, Tiernan expended about $20,000.00 to obtain additional and larger air conditioning equipment. Tiernan claimed that of that sum $11,500.00 was expended to obtain equipment equivalent to the original contract specifications, and it sued Equitable for this sum. The jury awarded Tiernan the sum of $8,133.68 on this account.
With these circumstances in mind, the first appeal question is whether or not Tiernan may hold Equitable liable for the damages which Tiernan has sustained solely by reason of this substitution. Different from the trial court, we answer it in the negative.
While the rule varies from jurisdiction to jurisdiction, Florida has adopted a view to the effect that an unagreed change in the construction contract which results in injury to the surety will discharge the surety to the extent of the injury. The case placing our state in that column is Gibbs v. Hartford Accident & Indemnity *199 Co., Fla. 1952, 62 So.2d 599, 604, where it stated:
"As we have previously observed, the authorities upon the question presented by this appeal are divided into three groups. The view expressed by one group is the strict rule which comes down from the old common law to the effect that even a minor or slight departure from the terms of the construction contract will relieve and discharge the surety from liability. Another of these groups is of the opinion that if there be a material departure from the construction contract the surety should be completely relieved and exonerated. The third group expresses the view to which we now commit this Court, that is to say, that if the departure from the construction contract results in injury to the surety then ipso facto such departure must be classified as material but the surety should be relieved and discharged only to the extent of the injury."
Accord: Maule Industries, Inc. v. Gaines Construction Co., Fla.App. 1963, 157 So.2d 835; Gruman v. Sam Breedon Construction Co., Fla.App. 1963, 148 So.2d 759; cf. Restatement, Security, § 128(b) (1941).
Certainly, under this rule Equitable is not wholly discharged from its obligation under the performance bond by reason of the unauthorized substitution of equipment. It would remain liable for the proper performance of the other portions of the contract. Even as to the air conditioning equipment it would undoubtedly remain liable for proper installation and for any other such item and for performance not related or stemming from the improper substitution.
However, here all of the proofs point unequivocally to the conclusion that the air conditioning expenditures made by Tiernan which it seeks to recover from Equitable flowed exactly and solely from and by reason of the wrongful substitution. In other words, Tiernan committed a contractual wrong by substituting, or agreeing to a substitution of, inferior equipment without Equitable's knowledge or consent. Now, Tiernan wishes to shift and avoid responsibility for it in demanding that Eqquitable correct Tiernan's mistake by bearing the expense of eliminating the modification and restoring the original specifications. It occurs to us that the adoption of such view would be manifestly unjust to compensated sureties. They would be unable to know the limits of their liability and the risk covered if an owner were empowered to change plans and specifications without the surety's knowledge, contrary to contract, and then hold the surety liable for misfortunes stemming from such modifications. Thus, applying the rule stated in the Gibbs case, supra, to the facts at hand, we absolve Equitable from liability on account of the air conditioning claim, as a matter of law.
Looking for our next question, we refer to the construction contract. It provided that the curtain wall would be water and weather proofed. Tiernan, claiming the building leaked, sued Equitable for $10,000.00 as damages. Upon trial, the jury awarded Tiernan $500.00 for this item. Equitable challenges and asks if the owner in such case must prove that the claimed expenses were reasonable and necessary. Our audit reflects no basis in the record for this award and leads us to the conclusion that the sum was a product of guesswork and speculation on the part of the jury, a circumstance that requires reversal. See Florida Ventilated Awning Co. v. Dickson, Fla. 1953, 67 So.2d 215; Kennedy & Eli Ins., Inc. v. American Employers' Ins. Co., Fla.App. 1965, 179 So.2d 248; Miami Beach Lerner Shops, Inc. v Walco Mfg. of Florida, Inc., Fla.App. 1958, 106 So.2d 233.
What were the proofs? A witness testified that the roof leaked. There was no evidence as to the cause, extent or duration of the leakage. The only evidence as to Tiernan's damages was a letter from Maintenance, Inc. to Tiernan in which Maintenance *200 offered to water proof the curtain walls at a cost not to exceed $4,000.00. The letter provided inter alia:
"We are bidding this job on a fixed cost plus 40% overhead and profit basis, the total final cost not to exceed $4,000.00. If labor plus material plus 40% overhead and profit is less, then you will be billed on this basis."
There was no evidence that Tiernan actually paid any sum or incurred any expense. There was no showing that the bid was reasonable in scope or in amount or that the work proposed was necessary or related to the leakage. Further, the bid was conditional, based on formula, and there was no proof as to what was actually done or actually charged, if anything.
Tiernan simply neglected to carry the burden of proof. Damages under these circumstances must be proven with a reasonable degree of certainty to be reasonable and necessary. See Shaw v. Puleo, Fla. 1964, 159 So.2d 641; Poinsettia Dairy Products, Inc. v. Wessel Co., 1936, 123 Fla. 120, 166 So. 306, 104 A.L.R. 216; Bayshore Development Co. v. Bondfoey, 1918, 75 Fla. 455, 78 So. 507, L.R.A. 1918D, 889; Butler v. Mirabelli, Fla.App. 1965, 179 So.2d 868; Berwick Corp. v. Kleinginna Investment Corp., Fla.App. 1962, 143 So.2d 684. See generally 9 Fla.Jur., Damages § 74; 25 C.J.S. Damages §§ 71, 75, 76. For an application of Florida law in a very similar situation see Nello L. Teer Company v. Hollywood Golf Estates, Inc., 5 Cir.1963, 324 F.2d 669. As to the particular type of proof required under the circumstances see Davis v. Stow, Fla. 1952, 60 So.2d 630. See also 13 Am.Jur.2d, Building and Construction Contracts, § 125.
Finally, the contract provided that, in the event of suit by the parties by reason of contract breach, the prevailing party would be entitled to reimbursement from the other for attorney fees and expenses. The judgment appealed included an award of attorney fees to Tiernan inasmuch as it prevailed on its claims in the trial court. However, the decisions herein reflected serve to cancel Tiernan's trial court victory to the end that it cannot be now denominated as the prevailing party. Thus, the whole award of damages to Tiernan, including the award for legal services, should be set aside.
The final judgment is reversed and the cause remanded for a new trial to be conducted in accordance with the views herein contained.
Reversed.
SMITH, C.J., and FUSSELL, CARROLL W., Associate Judge, concur.