### WORONER PRODUCTIONS, Inc. v. TOURIST DEVELOPMENT AUTHORITY OF CITY OF MIAMI BEACH.

No. 69-8513.

Circuit Court, Dade County.

February 16, 1971.

Irving Whitman of Whitman & Wolfe, Miami, for the plaintiff.

Joseph A. Wanick, City Attorney, and, subsequent to judgment, Darrey A. Davis of McCarthy, Steel, Hector & Davis, for the defendant.

## J. FRITZ GORDON, Circuit Judge.

*Order granting motion for judgment in accordance with motion for directed verdict:* This cause came on to be heard on the post trial motions of the defendant. The court has heard arguments of counsel and reviewed the record. In consideration thereof, the court finds and determines that the motion for judgment in accordance with motion for directed verdict must be granted for the reasons and upon the ground hereinafter set forth. It is recognized that it is well settled that such motion should be granted only where no evidence is presented on which the jury could lawfully return its verdict, and that the factual basis for granting the motion must be established as a matter of law. However, in this case there was no evidence which could in law support the verdict for plaintiff.

Plaintiff sought recovery of damages for anticipatory breach of a contract claimed to have been made with defendant on May 14, 1969. The undisputed evidence establishes that the purported contract sued upon was never approved or ratified by the Tourist Development Authority, a public entity that can contract only when acting in a regular or special meeting. There was no meeting of the minds on the essential terms and no contract exists between the parties.

Even if the existence of a contract had been established, there was no proof of any damages. The undisputed evidence indicates that plaintiff's cost to perform the alleged contract sued upon would grossly exceed the total contract price. Plaintiff claimed that the full contract price constituted the damages which it was entitled to recover, without regard to the cost of performance. Generally, the proper measure of damages for breach of contract is the loss or injury actually sustained, rather than the price agreed to be paid

on full performance. Poinsettia Dairy Products, Inc. v. Wessel Co., 123 Fla. 120, 166 So. 306. Where performance is prevented the measure of damages is the difference between what it would have cost to perform the contract and the contract price had the contract been entirely executed. Sullivan v. McMillan, 26 Fla. 543, 8 So. 450. The record shows no competent evidence revealing factual information from which the jury could intelligently assess any damages, and the verdict was based on mere speculation or conjecture.

The court so finding, and being duly advised in the premises, it is thereupon ordered and adjudged as follows — (1) The verdict rendered herein on September 24, 1970, and the final judgment entered on September 29, 1970, and recorded September 30, 1970, in minute book 1177, at page 689, are hereby vacated and set aside. (2) The motion of defendant for judgment in accordance with motion for directed verdict is hereby granted. (3) The plaintiff take nothing by this action and that defendant go hence without day and recover its costs from plaintiff, to be fixed by the court upon hearing.