UNITED STATES of America, for Use and Benefit of T.H. ELECTRIC, INC., a Florida Corporation, Plaintiff/Counterclaim Defendant–Appellant, Cross–Appellee,

v.

J.D. PIRROTTA COMPANY, f/k/a JDP & Associates, Inc., Seaboard Surety Corporation, Defendants/Counterclaim Plaintiff–Appellee, Cross–Appellant.

No. 88–3436.

United States Court of Appeals, Eleventh Circuit.

Oct. 17, 1989.

Robert W. Genzman, John Armando Boudet, Orlando, Fla., for appellant.

John D. Mahaffey, Jr., Orlando, Fla., for appellee.

Before TJOFLAT, Chief Judge, VANCE, Circuit Judge, and PITTMAN *, Senior District Judge.

PITTMAN, Senior District Judge:

This is an appeal from a final judgment entered in favor of the appellee TH Electric, Inc. (T.H.E.), after a non-jury trial.[1] Appellant J.D. Pirrotta Company (J.D.P.), as a general contractor, contracted with the U.S. Navy for the construction of a seventy-one unit housing building, known as the

---

* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

1. Initially, T.H.E. appealed the trial court's ruling denying its claim for attorney fees. J.D.P. and Seaboard's appeal followed thereafter. Although T.H.E. has conceded the attorney fees claim, technically T.H.E. is the appellant/cross-appellee, and J.D.P. and Seaboard are the appellees/cross-appellants. For clarity purposes, T.H.E. is being referred to simply as "appellee," and J.D.P. and Seaboard are being referred to as "appellants."

"Unaccompanied Enlisted Personnel Housing Facility." Appellant also contracted with T.H.E., a sub-contractor, to install all of the electrical work in the facility. Before completion of the facility, T.H.E. terminated its work due to lack of payment. Consequently, J.D.P. hired another subcontractor to complete the electrical work on the naval project. T.H.E. filed suit against J.D.P. and its surety, Seaboard Surety Corporation. Count I of appellee's complaint was a breach of contract claim. Count II sought recovery of damages and fees under a surety bond executed by J.D.P. and Seaboard. Count III was a quantum meruit claim.[2] J.D.P. counterclaimed for the alleged defective work of T.H.E. and the necessity of having the electrical work on the housing facility completed by another subcontractor. The disposition of the counterclaim was not appealed. The trial court entered judgment in favor of appellee T.H.E. in the amount of $50,701.00, plus costs and prejudgment interest on defendant J.D.P.'s payment bond. The court denied T.H.E.'s claim for attorney fees. The court also denied J.D.P.'s counterclaim.

Appellants appeal from said judgment. Appellants J.D.P. and Seaboard contend that the district court erred in applying a percentage of completion standard in the determination of T.H.E.'s breach of contract damages. Appellants argue further that the proper measure of damages is the contractor's lost profit plus the reasonable cost of labor and materials incurred in good faith, in the partial performance of the contract. Appellants seek a reversal of the district court's judgment, and entry of judgment in their favor, or in the alternative, a new trial. We affirm on liability. We reverse and remand for a new trial on the issue of damages.

Ross Harper testified on behalf of appellee T.H.E. regarding damages. Harper stated that the original contract price was $124,000.00 and that T.H.E. was to be paid in monthly installments based on the stage of completion. According to Harper, T.H.E. had been paid $70,000.00 and had

completed eighty-five percent (85%) of the project when the contract was terminated. Harper also indicated that pursuant to an oral contract with J.D.P., T.H.E. performed extra tasks valued at $4,800.00. It was Harper's testimony that taking into account the payments already made, and the eighty-five percent (85%) completion rate, the value of all the work performed, including the extra tasks, was approximately $67,000.00.

The court entered judgment for T.H.E. in the amount of $50,701.00. The court reduced the original contract amount, $124,500.00, to $99,600.00, after determining that T.H.E. had completed eighty percent (80%) of the work before leaving the job because of nonpayment. This amount was further reduced to reflect the $70,000.00 in installment payments that T.H.E. received from J.D.P. The court made other adjustments to this amount based on the conflicting claims. A review of the court's order evidences that the court relied on a percentage of completion calculation in determining the amount of damages in this case.

◼ The law in Florida is clear regarding the proper measure of damages in a partial performance contract suit by a subcontractor against a general contractor. The measure of damages in such a suit is either quantum meruit or the subcontractor's lost profit, together with the reasonable cost of labor and materials incurred in good faith in the course of partial performance of the contract. *Poinsettia Dairy Products Inc. v. Wessel Co.*, 123 Fla. 120, 166 So. 306 (1936); *Brooks v. Holsomach*, 525 So.2d 910 (Fla.App. 4 Dist.1988); *Diversified Commercial Developers v. Formrite*, 450 So.2d 533 (Fla.App. 4 Dist. 1984).

◼ T.H.E. argues that there is substantial evidence in the record that would allow the district court to conclude that the value of the labor, services and materials provided under the contract was $50,701.00. The district court made some findings of addi-

---

**2.** Only Count I was in the original complaint. T.H.E. was granted leave to amend its com-

plaint prior to trial.

tional labor and materials done by T.H.E. in the amount of $22,572.00, which it included in its final figure of $50,701.00. This is evidence supporting the quantum meruit claim. When evidence was offered concerning percentage of performance by the plaintiff, the defendant did not object. The defendant then offered evidence on the plaintiff's percentage of performance. It, therefore, appears that both parties proceeded on the erroneous legal theory that the percentage of performance was a valid method of determining damages. The erroneous legal theory of a percentage of completion calculation to determine damages in this cause participated in by the parties necessitates a retrial of T.H.E.'s damages claim consistent with this opinion.

Accordingly, the judgment is AFFIRMED on liability and REMANDED for a new trial on the issue of damages.