614 So.2d 520 (1992)
HUMANA MEDICAL PLAN, INC., Appellant,
v.
Ira S. JACOBSON, M.D., Appellee.
No. 91-1396.
District Court of Appeal of Florida, Third District.
December 29, 1992.
As Modified on Denial of Rehearing; Motions for Clarification and Rehearing Denied March 16, 1993.
*521 Waldman Feluren & Ferrer and Glenn J. Waldman, North Miami Beach, for appellant.
Broad and Cassel and Ricardo Torres, Jr., Miami, for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
As Modified on Denial of Rehearing; Motions for Clarification and Rehearing En Banc Denied March 16, 1993.
LEVY, Judge.
This appeal arises out of a contract action brought by Humana Medical Plan, Inc. [Humana], a health maintenance organization, against Ira S. Jacobson, M.D. We affirm the trial court's judgment in favor of Dr. Jacobson based upon our finding that the liquidated damages clause is unenforceable.
Under the terms of the affiliated provider agreement between Dr. Jacobson and Humana, Dr. Jacobson was to provide health care services to patients who were members of Humana's HMO, and receive compensation from Humana in return.[1] The contract contained a liquidated damages clause which provided that:
In the event that any Member disenrolls from [Humana's] health plan to be treated by you ... under some other prepaid financial arrangement other than [Humana's] health plan, then you shall pay to [Humana] the amount of $700 for each such Member who is treated by you... . You hereby agree to waive any claim that this amount is a penalty.[2]
Shortly after the contract between Dr. Jacobson and Humana ended, Dr. Jacobson became affiliated with a competing HMO, and 167 of his patients left Humana and enrolled in the new HMO. Humana filed suit against Dr. Jacobson seeking liquidated damages, under the terms of the contract, for the 167 patients.
Liquidated damages clauses can be an effective way for parties to estimate their future damages and avoid litigation. However, these clauses can also be drafted *522 in such a way as to act as a deterrent to any future breach. This use of liquidated damages clauses to compel compliance with contractual terms, has long been rejected. Hyman v. Cohen, 73 So.2d 393 (Fla. 1954); Stenor, Inc. v. Lester, 58 So.2d 673 (Fla. 1951); Pembroke v. Caudill, 160 Fla. 948, 37 So.2d 538 (1948); Greenblatt v. McCall & Co., 67 Fla. 165, 64 So. 748 (1914); Smith v. Newell, 37 Fla. 147, 20 So. 249 (1896). Looking at the liquidated damages clause present in this case, there is no doubt that this clause was included in the affiliated provider agreement to act as a deterrent; to prevent Dr. Jacobson from changing HMO affiliations thereby causing his patients to change HMOs along with him. However, once Dr. Jacobson left Humana, this clause needlessly hindered the continuation of his existing and successful doctor/patient relationships by driving a financial wedge between the doctor and his patients.
The doctor/patient relationship is an important and special relationship, vital to the provision of health care. It develops over time, by a doctor learning a patient's history and exercising professional judgment in not only evaluating a patient's complaints, but in developing a specific strategy for treating a patient's ailments. Consequently, an individual's choice of doctor is of great importance. As noted by one court:
When an ailing person selects a physician to treat him, he does so with the full expectation that such physician will do his best to restore him to health, and the contract into which they enter is deserving of more attention from the law than a businessman's expectation of profit from a purely commercial transaction.
Hammonds v. Aetna Casualty & Surety Co., 237 F. Supp. 96, 101 (N.D.Ohio), motion for reconsideration overruled, 243 F. Supp. 793 (N.D.Ohio 1965). See also § 458.301, Fla. Stat. (1991) (where Legislature recognized importance of making informed choice when selecting a physician).
Liquidated damages clauses, such as the one at issue in this case, seriously impair patients' choice of a physician, by discouraging doctors from continuing existing doctor/patient relationships. We recognize that an HMO, like any business, must contract with others in such a way as to protect its financial interests. However, patients are not the property or chattel of an HMO. We believe the public policy of this state is violated when the business relationship an HMO has with its affiliated doctors interferes with something as fundamental as the doctor/patient relationship, especially when the doctor is no longer affiliated with the HMO. We therefore declare the liquidated damages clause at issue in this case to be void as being against public policy.
Were we not to strike this clause on public policy grounds, we would fail to enforce it under traditional contract law. In order for a liquidated damages clause to be enforceable, two conditions must be satisfied. First, the amount of damages must be not readily ascertainable at the time the contract is formed, and, second, the amount of the liquidated damages must be reasonable, i.e. not a penalty. Lefemine v. Baron, 573 So.2d 326 (Fla. 1991); Hyman v. Cohen, 73 So.2d at 393; Stenor, Inc. v. Lester, 58 So.2d at 673; Poinsettia Dairy Products v. Wessel Co., 123 Fla. 120, 166 So. 306 (1936); Nicholas v. Miami Burglar Alarm Co., Inc., 266 So.2d 64 (Fla. 3d DCA 1972).
The liquidated damages clause in this case fails both prongs of this test. First, the record supports the trial judge's finding that damages for lost members were ascertainable at the time the contract was formed and, thus, not appropriately made the subject of liquidated damages. Humana has extensive experience in the HMO business, and is able to anticipate the revenues and expenses it will incur as to its members. Humana is able to forecast its revenues per medicare patient enrolled, as well as its expenditures required per patient for services, equipment, and prescriptions. Empirical data such as this was in fact used by Humana in order to calculate the purchase price of IMC, when Humana purchased the assets of its predecessor in interest.
*523 Second, the clause was not a reasonable measure of damages. It called for a $700 payment by Dr. Jacobson for each patient treated by him under some other prepaid financial arrangement. The contract did not contain a promise by Dr. Jacobson not to solicit patients away from Humana, nor did it contain a promise by Dr. Jacobson that he would refuse to treat those patients should they seek his services. This fact is significant in light of Humana's abandonment of its action to enforce any alleged violation of the "covenant not to compete" clause of the contract. The liquidated damages clause exacted a penalty from Dr. Jacobson for each patient he treated, regardless of whether or not he did anything to cause the patient to leave Humana. We therefore conclude that the liquidated damages clause was intended as a penalty[3] and is void as a matter of law and unenforceable.
Because our resolution of the liquidated damages issue is dispositive, we do not address the other points raised on appeal.
Affirmed.
NOTES
[1] The initial agreement was actually between Dr. Jacobson and International Medical Centers, Inc. It commenced April 1, 1985, and ran for 5 years. Humana purchased the assets of IMC on June 1, 1987, and took over IMC's operations, which included Dr. Jacobson's contract. IMC is no longer a party to the contract, nor are they a party to this appeal.
[2] The contract also contained a covenant not to compete which barred Dr. Jacobson from affiliating with another HMO during his contract with Humana, and for one year following the end of his contract with Humana. We note that Humana waived its claim for a breach of the covenant not to compete in the trial court, and reaffirmed this waiver at oral argument. We therefore do not comment upon the covenant not to compete, and address only the liquidated damages clause sued upon by Humana.
[3] The fact that the contract recites that Dr. Jacobson waives any claim that the $700 is a penalty is not controlling. A court will look at the substance of a clause in order to determine if it is liquidated damages or a penalty, and is not bound by the denomination of a clause as liquidated damages in the contract. Hyman v. Cohen, 73 So.2d 393 (Fla. 1954); Greenblatt v. McCall & Co., 67 Fla. 165, 64 So. 748 (1914).