179 So.2d 248 (1965)
KENNEDY & ELY INSURANCE, INC., a Florida corporation, Appellant,
v.
AMERICAN EMPLOYERS' INSURANCE COMPANY, a Massachusetts corporation, Appellee.
No. 65-74.
District Court of Appeal of Florida. Third District.
October 19, 1965.
Rehearing Denied November 12, 1965.
Carr & Warren, Miami, for appellant.
Blackwell, Walker & Gray and Melvin Boyd, Miami, for appellee.
*249 Before HENDRY, C.J., and CARROLL and SWANN, JJ.
SWANN, Judge.
Appellant, one of the two defendants below, appeals a final judgment following a jury verdict for the plaintiff-appellee. The defendant, Pletts Insurance Agency, hereafter Pletts, has not filed an appeal and no relief is sought insofar as Pletts is concerned.
The appellee filed its amended complaint consisting of two counts. Count I was directed solely against the defendant, Pletts, and alleged, in essence, that Pletts wrote insurance policies on behalf of the appellee and failed to turn over to the appellee sums which were due for premiums collected on such insurance policies. Count II of the amended complaint was directed solely against the appellant, alleging that the appellee was the owner of certain customer accounts written by appellee through Pletts, and that the appellant unlawfully converted to its own use these valuable customer accounts.
The appellant's motion to dismiss on the ground that there was a misjoinder of parties defendant and causes of action, was properly denied under Rule 1.18, Florida Rules of Civil Procedure, 30 F.S.A., which provides, in part, that a misjoinder of parties shall not be a ground for dismissal of an action.
There was an agency agreement between Pletts and plaintiff-appellee, whereby Pletts was appointed agent to sell policies of insurance written by the appellee. Subsequently, Pletts fell behind in remitting to the appellee the premiums collected from the sale of insurance policies. Later, while the account was still in arrears, Pletts sold his agency to the appellant. Some of the accounts purchased by the appellant actually belonged to the appellee by virtue of a provision in the agency agreement, whereby the customer accounts would belong to the company if the premiums for the policies written were not remitted to the company.
After approximately six months an acceptable agreement could not be reached with the appellant to purchase the customer accounts belonging to the appellee. Thereafter, appellant received a written request for these records, and twelve customer accounts were located and delivered to appellee. At the time of the trial, appellant produced an additional nine accounts which had been cancelled.
The cause proceeded to trial before a jury. Witnesses testified that the formula used in the insurance industry for determining value of these accounts is one and one-half times the annual commissions. Appellant's motions for a directed verdict on the grounds that the evidence was wholly insufficient to establish liability were denied. The verdict of the jury was one and one-half times the annual commissions based upon the fifty-three customer accounts. This appeal followed.
The appellant's main argument for reversal is that there was insufficient evidence before the jury to determine damages with any degree of accuracy. The testimony indicates that there were fifty-three customer accounts which should have been in the possession of the defendant, Pletts, and that the annual commission on all of these accounts for the preceding year was $3,220.80. There is no direct evidence that all of these fifty-three accounts were taken by the defendant Pletts to the office of the appellant. The testimony by Pletts himself indicates that some of the records were taken to the office of the appellant; that some of the records were taken to another agency, and that some of the records were maintained in his old office. The evidence is therefore insufficient for the jury to return a verdict which is exactly one and one-half times the sum of $3,220.80, the amount of annual commissions on all the fifty-three accounts.
Before damages may be awarded there must be evidence authorizing or justifying the award of a definite amount, which cannot be predicated upon pure speculation. *250 Florida Ventilated Awning Co. v. Dickson, Fla. 1953, 67 So.2d 215; Berwick Corp. v. Kleinginna Investment Corp., Fla.App. 1962, 143 So.2d 684. The evidence indicated that the appellant had in its possession, and had used, twelve of the accounts for some period of time. The appellant also had in its possession nine accounts which had been cancelled.
We agree with the jury's conclusion that there had been a conversion of some of the property of the appellee, but we find that the evidence was insufficient for the jury to return a verdict, inasmuch as the damages were conjectural and speculative.
The case is therefore reversed and remanded to the trial court for a trial on the question of damages only.