360 So.2d 430 (1978)
Moises ESHKENAZI and Jose Eshkenazi, Appellants,
v.
LAS FABRICAS, INC., Appellee.
LAS FABRICAS, INC., Appellant,
v.
Moises ESHKENAZI and Jose Eshkenazi, Appellees.
Nos. 77-1675, 77-2679.
District Court of Appeal of Florida, Third District.
June 6, 1978.
Rehearing Denied July 28, 1978.
*431 Burnett Roth, Miami Beach, for Eshkenazis.
Irwin F. Kosdan, Miami, for Las Fabricas, Inc.
Before HAVERFIELD, C.J., BARKDULL, J., and PARKER, J. GWYNN (Ret.), Associate Judge.
PER CURIAM.
Moises and Jose Eshkenazi appeal an adverse final judgment entered for Las Fabricas, Inc. on its counterclaim for tortious interference with a business relationship in an action brought by Eshkenazi to determine the validity of a lease to certain commercial space.
Eshkenazi leased space on an upper floor and Las Fabricas leased space on the ground floor of the same building and the parties were business competitors.
In April, 1976, Eshkenazi inquired as to the possibility of leasing additional space on the ground floor and was informed that the ground floor space occupied by Las Fabricas would be available on April 24, 1977, the date the lease with Las Fabricas expired. Subsequently, on April 28, 1976 the president of the lessor corporation, Mr. Neckman, and Eshkenazi executed a lease effective April 24, 1977 for the space occupied by Las Fabricas. Several months thereafter Mr. Neckman advised Eshkenazi that a mistake had been made inasmuch as Las Fabricas in its lease had an option to renew for two years. Eshkenazi then filed the instant action seeking to have the April 28, 1976 lease declared valid and that the lease of Las Fabricas with its renewal option be declared invalid and unenforceable in that this lease was executed on behalf of the corporate lessor by Walter G. Simon, who was not authorized to enter into such a contract. Eshkenazi further alleged that the option to renew was fraudulently added to Las Fabricas' lease subsequent to the execution by Eshkenazi of the April 28, 1976 lease and, therefore, null and void. Las Fabricas counterclaimed seeking both compensatory and punitive damages for tortious interference with a business relationship. Las Fabricas alleged in its counterclaim that Eshkenazi after executing the April 28, 1976 lease advised suppliers of Las Fabricas that it would be going out of business because of the expired lease and as a result at least one supplier ceased doing business with it. Las Fabricas' claim for punitive damages was stricken and the cause proceeded to a jury trial. At the close of Eshkenazi's case, the court directed a verdict for Las Fabricas. The jury returned a verdict awarding Las Fabricas $35,000 on its counterclaim and judgment was entered accordingly. Eshkenazi appeals and Las Fabricas cross-appeals the striking of its claim for punitive damages.
*432 Eshkenazi raises several points on appeal, only one of which is necessary to consider, to wit: the trial court erred in entering judgment for Las Fabricas because there was no substantial evidence to support the jury's award of damages. This point has merit.
Before damages may be awarded there must be evidence authorizing or justifying the award of a definite amount, which cannot be predicated upon pure speculation. Kennedy & Ely Ins., Inc. v. American Employers' Ins. Co., 179 So.2d 248 (Fla. 3d DCA 1965). The record in the case at bar reflects that only one supplier ceased doing business with Las Fabricas and that Las Fabricas was able to obtain the merchandise it needed from other suppliers. We, therefore, conclude that there was no substantial competent evidence to support the award of damages or at best the damages, if any, suffered as a result of the loss of this one supplier were too speculative. Accordingly, the judgment for Las Fabricas is hereby reversed. See Miami Beach Lerner Shops v. Walco Mfg. of Florida, 106 So.2d 233 (Fla. 3d DCA 1958).
We also find that Las Fabricas' point on cross-appeal (that the court erred in striking its claim for punitive damages) to be without merit because it failed to demonstrate the requisite malicious and/or fraudulent conduct on the part of Eshkenazi. See Southeast Title and Insurance Co. v. Caldwell, 326 So.2d 12 (Fla. 1975).
In this second appeal (Case No. 77-2679) Las Fabricas seeks review of an order dismissing its complaint for malicious prosecution against Eshkenazi for instituting the above action. In view of our disposition of Las Fabricas' cross-appeal (Case No. 77-1675) we find this appeal to be lacking in merit.
Accordingly the final judgment in Case No. 77-1675 is reversed and the order of dismissal in Case No. 77-2679 is affirmed.