427 So.2d 300 (1983)
CRAIN AUTOMOTIVE GROUP, INC., D/B/a Automotive News, Appellant,
v.
J & M GRAPHICS, INC., Appellee.
No. 82-495.
District Court of Appeal of Florida, Third District.
February 22, 1983.
Rehearing Denied March 24, 1983.
*301 Smith & Mandler and Steven L. Schwartzberg, Miami Beach, for appellant.
Horton, Perse & Ginsberg and Mallory Horton, Miami, for appellee.
Before HUBBART, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
We reverse the final judgment awarding damages for lost profits to J & M Graphics, an advertising agency. The award was based upon Crain's publishing an ad placed by J & M's recently retained client, Joseph Bottierri, one week later than the anticipated date. Bottierri relied on the publication date and mailed brochures to dealers informing them that the ads for his product would appear on the scheduled date. Crain was not informed of the mailing. As a result of the ad's omission, Bottierri terminated his contract with J & M. When Crain sued J & M for the unpaid sums owed for the ads, J & M counterclaimed to recover lost profits. At the conclusion of a non-jury trial, the court awarded J & M damages of $32,500 on the counterclaim and ruled in favor of Crain on the question of unpaid bills.
In order to recover damages, J & M must prove: (1) that Crain was negligent in delaying the ad; (2) that it actually sustained a loss as a proximate result of that negligence; (3) that the loss was or should have been within the reasonable contemplation of the parties; (4) that the loss alleged is not remote, contingent, or conjectural, and that damages are reasonably certain. Florida East Coast Ry. v. Peters, 77 Fla. 411, 426, 83 So. 559, 563-64 (1919).
Because Crain was not aware of Bottierri's mailing, it cannot be said that lost profits to J & M could reasonably have been contemplated to be the proximate result of moving the ad. See Poinsettia Dairy Products, Inc. v. Wessel Co., 123 Fla. 120, 166 So. 306 (1936); MacDonald v. Penn Mutual Life Insurance Co., 276 So.2d 232 (Fla. 2d DCA 1973); First National Insurance Agency v. Leesburg Transfer & Storage, Inc., 139 So.2d 476 (Fla. 2d DCA 1962).
Furthermore, the alleged losses are not capable of reasonably certain ascertainment. The rule is that lost profits must be shown with a reasonable degree of certainty. Beverage Canners, Inc. v. Cott Corp., 372 So.2d 954 (Fla. 3d DCA 1979); Belcher v. Import Cars, Ltd., 246 So.2d 584 (Fla. 3d DCA), cert. denied, 252 So.2d 801 (Fla. 1971); Florida Outdoor, Inc. v. Stewart, 318 So.2d 414 (Fla. 2d DCA 1975), cert. denied, 333 So.2d 465 (Fla. 1976). The evidence here consisted of testimony by Bottieri that he hoped for sales of one million dollars of his new product during the first year and that he expected to spend 15% of first year sales on advertising. he also testified that he expected to continue using J & M as long as he was satisfied with its performance. John Maechtle of J & M testified that, *302 based upon his experience in the industry and applying his standard markups, he anticipated a profit of $32,500 the first year. Maechtle did not explain what calculations and deductions went into his estimate. It is evident that no allowance was made for salaries or overhead in Maechtle's calculations. Bottierri's hopes and expectations and Maechtle's guesses are too speculative a foundation to support an award of lost profits. See Eshkenazi v. Las Fabricas, Inc., 360 So.2d 430 (Fla. 3d DCA), cert. denied, 366 So.2d 882 (Fla. 1978); Kennedy & Ely Insurance, Inc. v. American Employers' Insurance Co., 179 So.2d 248 (Fla. 3d DCA 1965). The speculative nature of the damages sought precludes a new trial.
Affirmed as to paragraphs one and two of the final judgment; reversed as to the remainder.