431 So.2d 241 (1983)
Bernard SAMUELS, Appellant,
v.
MAGNUM REALTY CORPORATION, a Texas Corporation, Appellee.
No. AN-400.
District Court of Appeal of Florida, First District.
May 6, 1983.
*242 John E. Hankal, St. Augustine, for appellant.
J. Michael Lindell, Ulmer, Murchison, Ashby, Taylor & Corrigan, Jacksonville, for appellee.
PER CURIAM.
We affirm the summary judgment entered against appellant, Bernard Samuels, insofar as it determines liability for breach of the lease agreement with appellee. However, there appears to be a genuine issue as to the amount of damages, if any, recoverable as loss of rentals for the period covered by the lease with the new tenant, Strawberry Fields, Inc. Although appellee's affidavit claims loss of "base rent" in the amount of $1,668.23 ($2,625.00 reduced to present value) for the term of the lease, the affidavit fails to take account of the fact that additional rental (5% of gross sales in excess of $350,000.00 per year) is payable under the terms of the new lease. Thus, despite the absence of any counter affidavit by appellant, appellee's proof fails to establish the absence of a genuine issue as to the damages recoverable. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Appellant also contends, and we agree, that appellee's affidavit that it expended "approximately $3,000.00" to remodel the premises for the new tenant, without any supporting particulars, is inconclusive, so as to cast doubt upon its sufficiency under Rule 1.510(e), Florida Rules of Civil Procedure, which requires that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein... ."
We find reversible error also in the trial court's entry of a judgment for attorney's fees without affording appellant an adversary proceeding in which to contest the amount of the fee award. Siciliano v. Hunerberg, 135 So.2d 750 (Fla. 2nd DCA 1961); Crystal Properties, Inc. v. Florida Industrial Construction Company, Inc., 350 So.2d 362 (Fla. 2nd DCA 1977).
Reversible error is not presented by appellant's remaining point, relating to appellee's failure to serve the affidavit in support of its motion for summary judgment at least twenty days prior to the hearing on the motion as required by Rule 1.510, Florida Rules of Civil Procedure, since this procedural error was not timely raised in the trial court, and appellant has not asserted a due process violation. Dubowitz v. Century Village East, Inc., 385 So.2d 1116 (Fla. 4th DCA 1980); Humphrys v. Jarrell, 104 So.2d 404 (Fla. 2nd DCA 1958). Cf. Heritage Casket and Vault Ind., Inc. v. Sunshine Bank, 428 So.2d 341 (Fla. 1st DCA 1983).
*243 REVERSED and REMANDED for further proceedings consistent herewith.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.