PER CURIAM.
This is an appeal by the defendant Jack Spiwak from a final judgment entered in an action sounding in breach of contract, conversion, theft, breach of fiduciary duty, and unjust enrichment. The judgment was entered after the trial court (1) struck the defendant’s pleadings for refusal to obey various pretrial discovery orders; and (2) conducted a . hearing on damages.
The defendant raises seven points on appeal which do not, in our view, present reversible error, see Mercer v. Raine, 443 So.2d 944 (Fla.1983); BCE Dev. Properties, Inc. v. Aero Exchange, 538 So.2d 529 (Fla. 4th DCA 1989); Armaly v. Practice Management Assoc., 533 So.2d 920 (Fla. 2d DCA 1988); Jefferson Sav. & Loan Ass’n v. The Greenman Group, Inc., 531 So.2d 428 (Fla. 4th DGA 1988); Sammons v. Sammons, 479 So.2d 223 (Fla. 3d DCA 1985); Engineered Storage Sys. Inc. v. National Partitions & Interiors, Inc., 415 So.2d 114 (Fla. 3d DCA 1982), save one, namely, that the trial court erred in trebling the total damages allegedly sustained by the plaintiff General Real Estate Limited under Section 812.035(7), Florida Statutes (1985). Although we agree that the plaintiff was entitled to treble its compensatory damages suffered as a result of the defendant’s civil theft under the above statute, see Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd., 450 So.2d 1157 (Fla. 3d DCA 1984), the plaintiff failed to establish these compensatory damages by sufficient evidence below. The plaintiff's sole proof of damages was an affidavit of the plaintiff’s chairman of the board; this affidavit is conclusory in nature as to the actual damages sustained by plaintiff, is based largely on information and belief rather than personal knowledge, and appears to lump all damages allegedly sustained by the plaintiff, not just its civil theft damages, into a single “approximate” figure of $150,000. This being so, the trial court clearly erred in trebling the $150,000 figure to arrive at $450,000 damages. See Samuels v. Magnum Realty Corp., 431 So.2d 241, 242 (Fla. 1st DCA 1983) (affidavit stating that appellee “expended ‘approximately $3,000.00’ to remodel the premises for [a] new tenant, without supporting particulars” found to be inconclusive); George Hunt, Inc. v. Dorsey Young Constr., Inc., 385 So.2d 732, 733 (Fla. 4th DCA 1980) (evidence as to amount of damage cannot be based on speculation or conjecture, but must be proven with certainty); Eshkenazi v. Las Fabricas, Inc., 360 So.2d 430, 432 (Fla. 3d DCA) (before damages may be awarded there must be evidence authorizing or justifying the award of a definite amount, which cannot be predicated, upon pure speculation), cert. denied, 366 So.2d 882 (Fla.1978); United Steel & Strip Corp. v. Monex Corp., 310 So.2d 339, 342 (Fla. 3d DCA 1975) (“It is incumbent upon a plaintiff in a trial court to present evidence to justify an award of damages in definite amount.”); Tolin Mfg. Corp. v. Roy Feiner Handbags, Inc., 173 So.2d 714, 715 (Fla. 3d DCA 1965) (judgment reversed because sole evidence of damages presented consisted entirely of approximations and estimates).
The final judgment under review is affirmed in all respects, save for its assessment of damages which is hereby reversed, and the cause is remanded to the trial court with directions to conduct a new trial on damages only.
Affirmed in part; reversed in part.