GRIFFIN, Judge.
Appellant seeks review of a summary final judgment in a breach of contract case. Appellant is one of several shareholders of Mega World, Inc., which entered into an agreement, pursuant to which appellees paid Mega World $31,500 for the assignment of “all rights, title'and interest” in Campground membership agreements and promissory notes in the amount of $65,-660.40 payable over 60 months. The assignment agreement provided for full recourse to Mega World, Inc. and the individual shareholders of the corporation who executed the agreement. The agreement also expressly provided that if an account was paid in full before maturity, Mega World would pay the assignees the remaining monthly payments due at that time and, if any of the agreements and notes were cancelled, Mega World would “payoff” the balance due for the remaining number of monthly payments. Under the agreement, another entity known as Unlimited Horizons, Inc. was designated the servicing and collections agent on the accounts assigned to the appellees. Appel-lees were to pay a $25 setup fee and $3.25 per month per contract for this service. Under the agreement, the total monthly payment due under the assigned contracts was $1,094.34. After deduction of its monthly fee, Unlimited Horizons was to remit to appellees the net sum of $1,048.35.
Appellees received the correct sum monthly for approximately one and one-half years, until the remittance began to exhibit significant shortages. According to the record, these shortages were caused by cancelled or denied accounts, accounts paid off early, or accounts where payments were caused to be redirected by Mega World and Mega World did not make up the resulting shortages as agreed in the assignment.
When the appellees filed suit under the assignment agreement, appellant, one of the individually liable “owners”, answered and alleged that the transaction “involve[d] usury and loan sharking”. Then, in response to the appellees’ motion for summary judgment, filed with affidavits asserting that they had paid $31,500 for the assignment but that the obligations of the assignment had not been met, the appellant filed his own affidavit that contained the bare assertion that “the purpose of the assignment was to provide an extension of credit to Mega World, Inc.” [1] However, appellant was only one of four officers of Mega World who executed the agreement.[2] He offers no factual basis for knowing anything about the negotiations or the parties’ intent and he provides no facts to explain why the transaction was an assignment effecting a sale of the membership agreements if the “purpose” of the transaction was to effect a loan. This single concluso-ry statement does not meet the requirements of Florida Rule of Civil Procedure 1.510(e).[3] See Samuels v. Magnum Realty Corp., 431 So.2d 241 (Fla. 1st DCA 1983). See also Spiwak v. General Real Estate Ltd,., 546 So.2d 81 (Fla. 3d DCA 1989).
Appellant correctly contends that whether the parties intended to create a loan or a sale is key to a determination whether a purchase agreement is in fact a disguised loan. It is also correct that one of the badges of a disguised usurious transaction can be a discounted transfer of an instrument in which the transferror is required to endorse or otherwise guarantee payment of the underlying instrument. Indian Lake Estates, Inc. v. Special Investments, Inc., 154 So.2d 883, 888-891 (Fla. 2d DCA); cert. denied, 161 So.2d 219 (Fla.1963). Such a *859 provision can also be found in a valid sale, however. Id. at 890. Here, the agreement, on its face, appears to be a valid assignment agreement effecting a sale of the contracts and notes. The transfer is unconditional, there is no reserve or interest payable on the money received, and the appellees, by contract, bear the expense of servicing and collecting the sums due under the membership agreements and promissory notes. Here the appellant failed to create any genuine issue of fact that the assignment agreement was a disguised loan from appellees to Mega World, Inc. and summary judgment was therefore proper. See Carter v. Cessna Finance Corp. 498 So.2d 1319 (Fla. 4th DCA 1986); Indian Lake Estates, 154 So.2d 883. Cf. W.B. Dunn Co., Inc. v. Mercantile Credit Corp., 275 So.2d 311 (Fla. 1st DCA), cert. denied, 284 So.2d 220 (Fla.1973); General Capital Corp. v. Tel Service Co., 212 So.2d 369, 375 (Fla. 2d DCA 1968), aff'd in part, 227 So.2d 667 (Fla.1969).
AFFIRMED.
COWART, J., concurs in result only.
W. SHARP, J., dissents with opinion.

. Appellant filed a second affidavit which simply calculates the interest rate to be 33.82405 percent where the principal amount of a loan is $31,500, repaid in 60 monthly installments of $1,094.34.

. He signed as secretary, treasurer. The agreement was also signed by Robert Walcker as President and Executive Officer and by Larry Walcker and Herb Walcker as Vice Presidents.

.Rule 1.510 SUMMARY JUDGMENT states in pertinent part:
(e) Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein.