W. SHARP, Judge,
dissenting.
I respectfully dissent. In my view, ap-pellees (the Webers) were not entitled to final summary judgment because they failed to overcome by affidavit or otherwise, appellant’s (Foster’s) defense of usury, which he raised as an affirmative defense, and which he supported with two affidavits filed in opposition to the summary judgment motion. The Webers filed the motion for summary judgment, and they, not Foster, had the burden of showing there was no material issue of law or fact as to their right to prevail against any defense raised by Foster.
The Webers sued Foster and three other individuals as guarantors of an assignment of contract rights agreement. The four defendants also signed the agreement as all of the corporate officers of Mega World, Inc., the assignor of the contract rights. In the agreement, the individual officers of Mega World personally guaranteed Mega World’s performance; the assignees (appel-lees) had full recourse against Mega World for any default by any contract obligor; the original collecting agent was to be continued, and apparently no reliance was placed on the credit worthiness of any contract obligor.
Foster, one of the defendants and the secretary-treasurer of Mega World, Inc., alleged as an affirmative defense, the total deal with the Webers was intended to be a disguised advance of credit to Mega World. Based on the sums advanced and those to be repaid to the Webers, this loan was usurious. Simply based on the affirmative defense as pled, I think summary judgment should have been denied. In similar disguised “sales” of contract rights eases, usury has been allowed to be raised as a defense and tried. See, e.g., W.B. Dunn Co., Inc. v. Mercantile Credit Corp., 275 So.2d 311 (Fla. 1st DCA), rev. denied, 284 So.2d 220 (Fla.1973).
In moving for summary judgment, the Webers made no effort to counter by affidavit or otherwise, Foster’s defense of usury. His two affidavits (filed in opposition to the Webers’ motion), buttress his affirmative defense adequately, in my view, but at this stage they were not necessary to prevent entry of summary judgment since the Webers (not Foster) had the burden of showing their entitlement to judgment against Foster as a matter of fact and law.[1] How can that be established here, where the Webers do not challenge Foster’s usury defense either by motion to strike or by affidavit?
With regard to Foster’s affidavits, I fail to see any inadequacies pursuant to Florida Rule of Civil Procedure 1.510(e), even if they had been necessary to counter the summary judgment. Foster claims his is made with his personal knowledge, and that he knew the parties intended the transaction in which he participated (indi *860 vidually and as an officer of Mega World) to be a loan — not a sale. The second affidavit calculated the interest on this loan transaction was 33.8% per annum — well above the prohibited rate set by chapter 687.
With all due apologies to the majority, I fail to see how Spiwak v. General Real Estate Ltd,., 546 So.2d 81 (Fla. 3d DCA 1989) and Samuels v. Magnum Realty Corp., 431 So.2d 241 (Fla. 1st DCA 1983) are relevant to this case. Spiwak did not involve an affidavit “too conclusory” to defend against a summary judgment. Rather, it dealt with the insufficiency of a party’s proof of damages via an affidavit after default, and the upshot was that the party who filed the affidavit had to try the damages issue. Samuels held that the moving party’s affidavits were too inconclusive to entitle it to summary judgment on the amount of damages, even though the appellant had failed to oppose the motion with counteraffidavits. The upshot there was that the moving party also had to try the issue of damages.
Similarly I think the upshot here should also be that the Webers must try the issue of usury. Thus, I would reverse the summary final judgment in their favor and remand for further proceedings.

. Lashley v. Bowman, 561 So.2d 406 (Fla. 5th DCA 1990); Moore v. Morris, 475 So.2d 666 (Fla.1985); Landers v. Milton, 370 So.2d 368 (Fla.1979); Aagaard-Juergensen, Inc. v. Lettelier, 540 So.2d 224 (Fla. 5th DCA 1989).