# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1220
Lower Tribunal No. 14-5578
_____

**Inspired Capital, LLC, etc., et al.,**
Appellants,

vs.

**Steven Howell, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Wasson & Associates, Chartered, and Roy D. Wasson; Hernandez, Lee & Martinez, LLC, and Eric A. Hernandez and Jermaine A. Lee, for appellants.

Boies Schiller Flexner LLP, and Bruce A. Weil and Laselve E. Harrison, for appellees.

Before FERNANDEZ, HENDON and BOKOR, JJ.

BOKOR, J.

Inspired Capital, LLC ("Inspired") appeals the trial court's entry of final summary judgment in favor of Steven Howell on Inspired's various derivative claims. Inspired contends that the trial court both improperly entered summary judgment based on a lack of evidence of out-of-pocket damages, and improperly disallowed amendment of the pleadings and discovery responses to specifically assert such damages. As explained below, the trial court correctly granted final summary judgment and didn't abuse its discretion in denying leave to amend. However, based on the record, the trial court erred in granting final judgment on the issue of nominal damages.

## BACKGROUND

Inspired's complaint sought "economic damages" for all claims, including a breach of contract claim based on an operating agreement. The operating agreement provided that Inspired would invest $500,000 in Inspired Food Solutions ("IFS") in exchange for a 15% interest in IFS and entitlement to royalty and cash return payments. During discovery, Inspired provided interrogatory responses stating that "[Inspired] has not calculated the extent of [Inspired]'s damages, which will be calculated by a damages expert, whose opinion will be timely disclosed," but that such damages would "likely" include "(1) the value of the investment in IFS, (2) the lost profits from the lost business opportunities, and/or (3) the value of the business."

2

Inspired's damages expert set forth in his report that Inspired can potentially either recover lost profits or lost business value damages, but not both.

Howell filed a motion for summary judgment claiming that damages set forth by the expert in his report were too speculative. Inspired filed an untimely[1] opposition brief that did not address the lost profits or lost business value damages and instead asserted that Inspired would be entitled to out-of-pocket (i.e., the value of the investment in IFS) and nominal damages. Following Inspired's untimely opposition, Howell filed a motion to strike the opposition brief. The trial court granted both the motion to strike and summary judgment motion, but only granted partial summary judgment to the extent that Inspired's claims were for lost profits and lost business value damages.

Thereafter, Howell filed another motion for summary judgment on Inspired's claims for out-of-pocket damages and nominal damages. The trial court again granted summary judgment, finding that Inspired waived these damages by not asserting them in their pleadings or interrogatory responses. In response, Inspired moved for rehearing and leave to amend the pleadings

---

[1] Inspired filed their opposition brief on September 27, 2021, three days before the hearing took place on September 30, 2021. See Fla. R. Civ. P. 1.510(c)(5) ("At least 20 days before the time fixed for the hearing, the nonmovant must serve a response that includes the nonmovant's supporting factual position . . . .").

3

and discovery responses. The trial court denied the motion for rehearing and motion to amend. This appeal followed.

## STANDARD OF REVIEW

We review de novo an order granting summary judgment. Fernandez v. Cruz, 341 So. 3d 410, 412 (Fla. 3d DCA 2022). We review an order denying a motion to amend a pleading for abuse of discretion. Pangea Produce Distribs., Inc. v. Franco's Produce, Inc., 275 So. 3d 240, 242 (Fla. 3d DCA 2019).

## LEGAL ANALYSIS

Inspired argues that out-of-pocket damages are general damages and thus do not need to be specifically pled. See Fla. R. Civ. P. 1.120(g); see also Hutchison v. Tompkins, 259 So. 2d 129, 132–33 (Fla. 1972) (explaining that general damages are those damages that "naturally and necessary flow or result from the injuries alleged" and do not to be specifically pled). However, that argument confuses summary judgment with a motion to dismiss. While a motion to dismiss tests the sufficiency of the pleadings, here, we are dealing with a summary judgment, which tests the sufficiency of the evidence to determine if there's a triable issue of fact. See Fla. Bar v. Greene, 926 So. 2d 1195, 1999–1200 (Fla. 2006) ("A motion to dismiss is designed to test the legal sufficiency of the complaint" while "[s]ummary

4

judgment is designed to test the sufficiency of the evidence to determine if there is sufficient evidence at issue to justify a trial or formal hearing."). Therefore, the categorization of out-of-pocket damages as general or specific damages is irrelevant at the summary judgment stage. To overcome summary judgment, the party with the burden of proof, here, Inspired, the plaintiff below, must provide sufficient evidence to demonstrate a genuine issue of material fact.

Inspired would necessarily be bound by its responses to discovery, including its interrogatory responses. See Mana v. Cho, 147 So. 3d 1098, 1100 (Fla. 3d DCA 2014) (finding that the respondent was bound by the damages theory set forth in his interrogatory responses preventing him from seeking other damages). Inspired's interrogatory responses provided that a damages expert would calculate the damages. In his report the expert provided only two ways of calculating the damages: lost profits and lost market value. For these models of damages, the trial court correctly concluded that the expert offered speculative evidence insufficient to support an award of damages on these bases. See Crain Auto. Grp., Inc. v. J & M Graphics, Inc., 427 So. 2d 300, 301 (Fla. 3d DCA 1983) (noting that in order to recover lost profits the lost profits must be shown with a reasonable degree of certainty); see also Fid. Warranty Servs., Inc. v. Firstate Ins.

Holdings, Inc., 74 So. 3d 506, 514 (Fla. 4th DCA 2011) (determining lost market value cannot be used to prove damages if the data supporting those damages is speculative). The trial court correctly ascertained that the projections that the expert relied upon required "extraordinary assumptions" and "hypothetical conditions" to be correct and the companies used in the report to calculate the damages are, according to the expert's own admissions, "noncomparable." Additionally, the expert admitted that he did not review any of the documentation used to prepare the projections and that such projections are "never accurate." The trial court, therefore, correctly determined that the calculations provided by the expert constituted impermissibly speculative damages, insufficient to survive a motion for summary judgment.

The trial court also correctly disposed of Inspired's out-of-pocket or reliance damages theory. In the order granting summary judgment, the trial court noted that Inspired failed to dispute the pertinent statement of undisputed fact in the motion for summary judgment that "by November 26, 2013 (when Defendants first heard of IFS), Plaintiffs had already incurred, and spent, the entirety of the '$500,000 contribution' they now seek to recover from Defendants as out of pocket expenses." These purported out-of-pocket damages can't form the basis for reliance damages—even

6

assuming the belated request to seek such damages were appropriate—where the undisputed facts at summary judgment establish that there was no such reliance. See Resort Int'l, Inc v. Charter Air Ctr., Inc., 503 So. 2d 1293, 1296 (Fla. 3d DCA 1987) ("A party is entitled to recover, as against the breaching party . . . those expenditures made in reliance upon the performance of the contract."). Howell met its burden by showing an "absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Inspired then failed to "present affirmative evidence" setting forth "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256–57 (1986)

Inspired also argues that the trial court erred by not allowing leave to amend the pleadings and discovery responses to defeat summary judgment. Although Florida encourages adjudication on the merits and liberal amendment, "there is an equally compelling obligation on the court to see to it that the end of all litigation be finally reached." Alvarez v. DeAguirre, 395 So. 2d 213, 216 (Fla. 3d DCA 1981) (quoting Brown v. Montgomery Ward & Co., 252 So. 2d 817, 819 (Fla. 1st DCA 1971)). In addition, when summary judgment has been entered against the party seeking leave to amend, this court has been reluctant in allowing that party to amend their pleadings to

advance new issues.  See Jain v. Buchanan Ingersoll & Rooney PC, 322 So. 3d 1201, 1206 (Fla. 3d DCA 2022) (finding that the trial court did not abuse its decision by denying leave to amend to advance new issues after summary judgment was entered against that same party).  Leave to amend is not a do-over.  In the present case, based on the totality of the circumstances, the length of litigation, including the exhaustive discovery and briefing that occurred to date, the trial court was within its discretion to deny leave to amend.

Finally, Inspired argues that the trial court improperly granted summary judgment on its claim for nominal damages.  See Hutchison, 259 So. 2d at 132 (determining that if the plaintiff can show an invasion of a legal right the plaintiff may recover at least nominal damages in certain circumstances); see also Land & Sea Petroleum Holdings, Inc. v. Leavitt, 321 So. 3d 810, 817 (Fla. 4th DCA 2021) (same).  However, to overcome summary judgment on the issue of nominal damages, Inspired must show an issue of fact upon which a fact finder could find a breach of a duty.[2]  See Leavitt, 321 So. 3d at

---

[2]  Inspired in its amended complaint sufficiently pleads nominal damages by asserting that Howell misappropriated and improperly misused trade secret and other confidential information of Inspired.  See Hutchison, 259 So. 2d at 132 ("It is well established in Florida that where the allegations of a complaint show the invasion of a legal right, the plaintiff on the basis thereof may recover at least nominal damages . . . .").  Howell nevertheless argues that nominal damages have been waived by not asserting those damages earlier

8

817 ("[T]he law allows for nominal damages when a party fails to adequately prove damages for the breach of a contract, the breach of a fiduciary duty, or the aiding and abetting of a breach of fiduciary duty [provided that] the trial court *actually found* (either specifically or indirectly) Appellant had suffered damages as to those causes of action."). A fact finder may award nominal damages upon a finding of a breach. Am. Sales & Mgmt. Org. LLC v. Lopez, 48 Fla. L. Weekly D605 at *6 n.5 (Fla. 3d DCA Mar. 22, 2023); see also Continuum Condo. Ass'n, Inc. v. Continuum VI, Inc., 549 So. 2d 1125, 1127 (Fla. 3d DCA 1989) ("[N]ominal damages can be awarded when a legal wrong has been proven, but the aggrieved party has suffered no damages . . . or where . . . recoverable damages were not proven . . . ." (alterations in original)). None of the summary judgment orders entered by the trial court address the issue of whether a breach of contract or breach of fiduciary duty occurred.

Accordingly, we conclude the trial court erred in granting judgment as a matter of law on the claims for which a finder of fact could choose to award

in the proceeding. This proposition is not supported by case law. See Leavitt, 321 So. 3d at 816 (explaining that nominal damages are waived if not requested during closing arguments or as part of a jury instruction). The record demonstrates that Inspired sought nominal damages before trial, and because no trial has yet occurred, any argument that Inspired waived such damages by failing to request during trial is premature.

9

nominal damages upon a finding of a breach of contract, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty (or any other claim allowing for nominal damages). See Leavitt, 321 So. 3d at 817–18 (holding that after a finding of a breach of contract, breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty, "the trial court erred in failing to award nominal damages on those specific claims"). We therefore affirm the portion of the summary judgment award pertaining to all measures of damages, save nominal damages. We also affirm the trial court's order denying leave to amend. We reverse the entry of summary and final judgment as it pertains to claims for which nominal damages may be available and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

10