869 So.2d 709 (2004)
Robert Wayne CLOUD, Appellant,
v.
Joseph T. and Toni R. SCHENCK, Appellees.
No. 1D03-2023.
District Court of Appeal of Florida, First District.
April 6, 2004.
R. Frank Myers, Esquire, Levine Stivers & Myers, Tallahassee, for Appellant.
James V. Cook, Esquire, Tallahassee, for Appellees.
PER CURIAM.
Appellant Robert Cloud appeals the trial court's order entering final summary judgment in favor of appellees Joseph and Toni Schenck. On appeal, appellant argues that summary judgment was improper because material issues of fact remain and because the liquidated damages clause at issue is invalid as a matter of law. We agree with *710 appellant that the liquidated damages clause is invalid as a matter of law and, therefore, reverse. Because we reverse based on the illegality of the liquidated damages clause, we do no reach the other issues appellant raises.

I. Background
In December of 2001, appellees/sellers entered into a contract with appellant/buyer for the sale of sellers' real property. The original purchase and sale contract called for a total price of $230,000, a $5,000 deposit, and a closing date on or before February 15, 2002. The contract also provided:
If BUYER fails to perform this contract within the time specified, the deposit paid by BUYER may be retained by or for the account of SELLER as agreed upon liquidated damages, consideration for the execution of this contract and in full settlement of any claims; whereupon BUYER and SELLER shall be relieved of all obligations under contract; OR SELLER at SELLER's option, may proceed to enforce SELLER's rights under this contract.
Subsequently, the parties amended the original contract to extend the closing date until July 31, 2002. The addendum stated that as consideration and mutual consent for the extension of the closing date, buyer agreed to make certain mortgage payments on the property until the closing date and to pay an additional $10,000 binder into trust "in addition to the original $5,000" buyer already paid to sellers. The addendum then stated,
In keeping with the terms and conditions of the Contract for the Sale and Purchase for the property herein stated, should the Buyers fail to uphold the spirit and intent of the Contract for Sale and Purchase they agree to waive all claims for any and all monies paid that include the initial binder amount, monthly mortgage payment amounts and the additional binder amount.
The last paragraph of the addendum stated,
This Addendum is for the purpose of the clauses stated herein and shall in no way encumber, restrict, alter, or void the Contract for Sale and Purchase except as herein stated. All other terms and conditions, clauses and restrictions contained in the Contract for Sale and Purchase shall remain enforceable and actionable to the[ir] fullest extent.
Sellers eventually brought suit against buyer to recover the $10,000 binder residing in trust after buyer allegedly breached the contract. After filing suit, sellers moved for summary judgment. The trial court granted sellers' motion and entered final summary judgment in favor of sellers. The court found that the parties did not intend for the $10,000 binder to be liquidated damages. Rather, the trial court found that they intended the sum to be consideration for the extension of the closing date and to be applied towards the purchase price, the same as the $5,000 deposit. The court ordered the clerk of court to pay sellers the $10,000, then held in trust by the court. Buyer timely appealed.

II. The $10,000 Binder
The trial court's conclusion that the parties did not intend the $10,000 binder to be treated as liquidated damages is erroneous in light of the clear and unambiguous language of the addendum and its reference to the original contract.[1] The *711 addendum states that the $10,000 binder "is in addition to the original $5,000.00 Buyers have already given to Sellers" and that the additional binder would be forfeited if buyer failed to meet his obligations under the contract. The additional $10,000 was, therefore, consideration for the extension of the closing date in the form of additional earnest money, to be treated the same as the initial $5,000 deposit under the original contract. As such, the additional $10,000 was subject to the liquidated damages clause in the original contract.
Buyer argues that the liquidated damages clause in the original contract is invalid as a matter of law under the Florida Supreme Court's decision in Lefemine v. Baron, 573 So.2d 326 (Fla.1991). In Lefemine, the purchasers of a residence sued for the return of their deposit after they were unable to obtain financing. Id. at 327. The purchase contract contained a liquidated damages clause worded as follows:
DEFAULT BY BUYER: If Buyer fails to perform the Contract within the time specified, the deposit(s) made or agreed to be made by Buyer may be retained or recovered by or for the account of Seller as liquidated damages, consideration for the execution of the Contract and in full settlement of any claims; whereupon all parties shall be relieved of all obligations under the Contract; or Seller, at his option, may proceed at law or in equity to enforce his rights under the Contract.
Id. at 327-28. The Florida Supreme Court held that this liquidated damages clause was invalid because of the option to either retain the deposit as liquidated damages or to bring an action for actual damages. Id. at 328-29. This option, the Court held, constituted a penalty as a matter of law. Id. at 330.
The liquidated damages clause in the instant case is virtually identical to the clause the Florida Supreme Court held invalid in Lefemine because it provides sellers with the option of either retaining the deposit money as liquidated damages or pursuing actual damages in a lawsuit. Because of this option, the liquidated damages clause constitutes a penalty as a matter of law and is invalid.
REVERSED and REMANDED.
ALLEN, KAHN and POLSTON, JJ. Concur.
NOTES
[1] See Cleveland Consol., Inc. v. Haren, 672 So.2d 592, 594 n. 1 (Fla. 1st DCA 1996) (stating that when determining whether a trial court has erred as a matter of law in its interpretation of a contract, the court should go no further than the clear and unambiguous language of the contract); Wilson v. S. Repair Servs., Inc., 795 So.2d 1121, 1123 (Fla. 5th DCA 2001) (stating that the interpretation of a written contract that is clear and unambiguous is a matter of law).