983 So.2d 20 (2008)
Peter MINEO, Jr., and Diane Mineo, Appellants,
v.
LAKESIDE VILLAGE OF DAVIE, LLC, a Florida Limited Liability Corporation, Appellee.
No. 4D07-1167.
District Court of Appeal of Florida, Fourth District.
April 16, 2008.
Joseph S. Kashi of Sperry, Shapiro & Kashi, P.A., Plantation, for appellants.
Charles D. Franken of Charles D. Franken, P.A., Plantation, for appellee.
DAVIDSON, LISA, Associate Judge.
The trial court entered a final order granting Lakeside Village of Davie, LLC's ("Lakeside") amended motion to dismiss Peter Mineo, Jr., and Diane Mineo's (collectively, "appellants") amended complaint for failure to state a cause of action. We affirm.
The appellants entered into a contract with Lakeside for the purchase of real property and the construction of a residence in Broward County. After paying a deposit of $55,900, in addition to $17,000 for extras associated with the building of the house, the appellants decided not to close on the property.
*21 The appellants filed suit for the return of their payments when Lakeside refused to return the sums they had paid. Lakeside filed a motion to dismiss the appellants' complaint which was granted with leave to amend. The appellants then filed an amended complaint alleging that the contract was invalid as a matter of law because the default provision of the contract was an unenforceable penalty. Specifically, appellants claimed that because the default provision gave Lakeside the option of retaining the deposit and payment for extras, or enforcing the contract and obtaining damages for delay, it was not meant to fix the seller's damages in the event of default. Lakeside, however, contended that the default provision was enforceable because it did not give Lakeside the option to sue for damages, and therefore the default contract was valid.
The default provision of the parties' contract provides:
1. Purchaser's Default. In the event that Purchaser shall default in the performance of the obligations to be performed by Purchaser pursuant to this Contract . . . the Seller shall retain a sum equal to all deposits tendered, plus all payments for options made pursuant to Section C.1 above and/or any Option Addendum(s) or change orders. The foregoing sum, in view of the impossibility of accurately ascertaining the loss which Seller will suffer by reason of Purchaser's default hereunder is hereby fixed and agreed as the liquidated damages which Seller will suffer by reason of such default and not as a penalty. In lieu of retaining Purchaser's deposit and payments for options, and at Seller's option, Seller may proceed to specifically enforce this Contract but at a purchase price which increases to compensate Seller for its delay damages (not actual damages) based upon an interest factor equal to the highest non-usurious rate allowed by law or, if no rate is provided, then eighteen (18%) percent per annum from the Scheduled Closing Date to the Actual Closing Date. In the event that Purchaser shall default in the performance of any of its obligations which by the terms of this Contract survive closing, Seller shall be entitled to all remedies available under applicable law.
"A motion to dismiss tests whether the plaintiff has stated a cause of action." Regis Ins. Co. v. Miami Mgmt., Inc., 902 So.2d 966, 968 (Fla. 4th DCA 2005). In deciding a motion to dismiss, a trial court must stay within the four corners of the complaint, accept the facts alleged therein as true, and draw all reasonable inferences in favor of the pleader. Id. The standard of review on appeal is de novo when a complaint was dismissed by the trial court based on a pure question of law. The Florida Bar v. Greene, 926 So.2d 1195, 1199 (Fla.2006).
In Florida, the law is well-settled that the parties to a contract may agree in advance on an amount to be paid or retained as liquidated damages if the contract is breached. Poinsettia Dairy Prods. v. Wessel Co., 123 Fla. 120, 166 So. 306, 309 (1936); S. Menhaden Co. v. How, 71 Fla. 128, 70 So. 1000, 1004 (1916). In Hyman v. Cohen, 73 So.2d 393 (Fla.1954), the Florida Supreme Court established a test to determine if a liquidated damages clause will be upheld, or if it will be stricken because it is actually a penalty clause. First, the damages upon a breach must not be readily ascertainable. Lefemine v. Baron, 573 So.2d 326, 327 (Fla.1991) (citing Hyman v. Cohen, 73 So.2d 393, 401 (Fla. 1954)). "Second, the sum stipulated to be *22 forfeited must not be so grossly disproportionate to any damages that might reasonably be expected to follow from a breach as to show that the parties could have intended only to induce full performance, rather than to liquidate their damages." Id.
In Lefemine, the Supreme Court of Florida held that the default provision in a contract was not enforceable as a liquidated damages clause as a matter of law if there was an option to sue for damages or to retain a deposit. 573 So.2d at 330. The buyers in Lefemine entered a real estate contract with the seller and deposited $38,500 pursuant to the contract. Id. at 327. The buyers were unable to obtain financing and sued for the return of the deposit. Id. The default provision in the contract provided as follows:
1. DEFAULT BY BUYER: If Buyer fails to perform the Contract within the time specified, the deposit(s) made or agreed to be made by Buyer may be retained or recovered by or for the account of Seller as liquidated damages, consideration for the execution of the Contract and in full settlement of any claims; whereupon all parties shall be relieved of all obligations under the Contract; or Seller, at his option, may proceed at law or in equity to enforce his rights under the Contract.
Id. at 327-28. The supreme court held that the option granted to the seller either to retain the security deposit as liquidated damages or to bring an action at law for actual damages placed the buyer at a greater risk than the liquidated sum. Id. at 329-30. The ability of the seller to refuse to be limited to the deposit paid by the buyer as a liquidated amount, and to sue for damages, destroyed the character of the forfeiture as agreed damages, and the forfeiture became a penalty. Id. at 328-29 (quoting Pappas v. Deringer, 145 So.2d 770, 773 (Fla. 3d DCA 1962)). The option to sue for actual damages reflects that the parties did not have the mutual intention to stipulate to a fixed amount as their liquidated damages in the event of a breach. Id. at 329. Consequently, the seller was entitled only to the actual damage remedy of having to sue and prove damages. Id. at 329-30; see also Cloud v. Schenck, 869 So.2d 709, 711 (Fla. 1st DCA 2004).
Suing for actual damages is not a remedy available to Lakeside under the contract. The default provision in the Lakeside contract does not violate the principle set forth by Lefemine and Cloud simply because it increases the purchase price at which Lakeside could seek specific performance by adding interest to the purchase price.[1] We hold that the liquidated damages clause in this contract is enforceable. The buyers' breach of the contract permits the seller to seek specific performance at a purchase price that is certain. The fact that the liquidation clause also permits the seller to be further compensated by adding legal interest to the purchase price for its delay damages (not actual damages) does not result in the liquidation clause becoming a penalty. See Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985).
Affirmed.
FARMER and TAYLOR, JJ., concur.
NOTES
[1] This court notes that Lefemine specifically left open the question of whether a liquidated damages clause would be enforceable if the seller had the option to seek specific performance or retain the deposit. Lefemine, 573 So.2d at 330 n. 5.