FERNANDEZ, J.
 

 Richard and Valerie Goldblatt appeal a final judgment awarding appellee C.P. Motion, Inc. $4,969,339. The Goldblatts maintain, in part, that the final judgment award is invalid, as it is the product of an unenforceable liquidated damages clause. We agree and therefore reverse on this basis. We affirm the final judgment in all other respects.
 

 In November of 1999, Richard Goldblatt and Raymond Weisbein created C.P. Motion, a business that specializes in the distribution of a medical device used in the treatment of joint injuries. During the course of business, C.P. Motion, with Richard Goldblatt and Valerie Goldblatt as personal guarantors, entered into an agreement with Real Lease, Inc. whereby Real Lease agreed to lease medical equipment to C.P. Motion in exchange for monthly lease payments.
 

 Raymond Weisbein and Richard Gold-blatt terminated their business agreement in 2004. The parties subsequently negotiated and executed a settlement and release agreement. Pursuant to the agreement, C.P. Motion paid the Goldblatts $2.7 million in cash, paid $300,000 in periodic salary payments, and agreed to forgive $4 million in debt. C.P. Motion also promised to indemnify the Goldblatts from judgments and liabilities arising from their business relationship. In return, the Gold-blatts agreed to relinquish any ownership interest in C.P. Motion. The Goldblatts also agreed to a five-year restrictive covenant, which restricted the Goldblatts from conducting any business that competed with C.P. Motion. In the event that the Goldblatts breached the restrictive covenant, the parties negotiated a liquidated damage sum of $250,000 per breach.
 

 The parties subsequently breached the terms of the agreement. The Goldblatts claim that C.P. Motion breached when it failed to indemnify them against a lawsuit by Real Lease, one of C.P. Motion’s creditors. C.P. Motion, on the other hand, claims that the Goldblatts breached the restrictive covenant when they solicited C.P. Motion’s clients.
 

 Both parties brought suit and subsequently filed cross motions for summary judgment. In his motion, Richard Gold-blatt argued that the restrictive covenant was unenforceable as to its duration and that the liquidated damages clause was unenforceable as it amounted to an unconscionable penalty. C.P. Motion argued that the liquidated damages provision was enforceable as a matter of law. In her motion, Valerie Goldblatt argued that she should not be held liable for Richard Gold-
 
 *800
 
 blatt’s actions because she did not personally breach the restrictive covenant.
 

 The trial court denied Richard Gold-blatt’s motion for summary judgment, holding that the liquidated damages clause was enforceable as a matter of law. The trial court granted C.P. Motion’s motion for summary judgment as to liability and denied Valerie Goldblatts motion for summary judgment. Following these rulings, C.P. Motion moved for summary judgment for damages under the liquidated damages clause. The trial court entered final judgment in the amount of $4,969,339 against the Goldblatts jointly and severally.
 

 The entry of summary judgment in favor of the movant involves a question of law, subject to a de novo review on appeal.
 
 See Fayad v. Clarendon Nat’l Ins. Co.,
 
 899 So.2d 1082 (Fla.2005). To prevail on a motion for summary judgment, the movant must prove that there are no genuine issues of material fact.
 
 See Moore v. Morris, 475
 
 So.2d 666, 668 (Fla.1985).
 

 Chief among their issues on appeal, the Goldblatts challenge the enforceability of the liquidated damages clause in the settlement agreement. First, they argue that the liquidated damages clause is unenforceable because any damages that resulted from the contract breach were ascertainable at the time the contract was formed. Second, they argue that the liquidated damages clause results in nothing more than a penalty. We agree with the Goldblatts that the liquidated damages clause is unenforceable.
 

 C.P. Motion correctly argues that Florida law is well settled that the parties to a contract may stipulate in advance the amount that is to be paid or retained as liquidated damages in the event of a contract breach.
 
 See Mineo v. Lakeside Village of Davie, LLC.,
 
 983 So.2d 20, 21 (Fla. 4th DCA 2008) (affirming the enforceability of a $60,000 liquidated damages clause). Although generally enforceable in Florida courts, such clauses may be held invalid where their purpose is to deter a breach.
 
 See Humana Med. Plan, Inc. v. Jacobson,
 
 614 So.2d 520, 522 (Fla. 3d DCA 1992). In order to be enforceable, a liquidated damages clause must satisfy two conditions:
 

 First, the damages consequent upon a breach must not be readily ascertainable. Second, the sum stipulated to be forfeited must not be so grossly disproportionate to any damages that might reasonably be expected to follow from a breach as to show that the parties could have intended only to induce full performance, rather than to liquidate their damages.
 

 Lefemine v. Baron,
 
 573 So.2d 326, 328 (Fla.1991).
 

 The Goldblatts cite several compelling reasons why the liquidated damages clause is unenforceable due to a lack of ascertainable profits. First, they point to the fact that C.P. Motion had substantial industry experience, such that it was capable of forecasting any damages that might flow from their breach. In turn, C.P. Motion argues that the Goldblatts, who were equally knowledgeable in the industry, stipulated to the impossibility of ascertaining potential damages. This argument, however, is unconvincing.
 

 The mere fact that the Goldblatts stipulated to an otherwise unenforceable liquidated damages clause does not automatically render the clause enforceable. Even where contracting parties stipulate that a liquidated damages clause is the product of the contracting parties’ inability to readily ascertain damages, the court can still invalidate the clause. For example, in
 
 North Beach Investments, Inc. v. Sheikewitz,
 
 63 So.2d 498 (Fla.1953), the Florida Supreme Court addressed contract lan
 
 *801
 
 guage similar to the one here, and stated the following:
 

 This Court is committed to the doctrine that when the actual damages contemplated by the parties upon breach are susceptible of ascertainment by some known rule or pecuniary standard and the stipulated sum is disproportionate thereto, it will be regarded as a penalty. Such being the case, the corollary of the rule should be true, that is, that when the actual damages cannot be susceptible of ascertainment by some known rule or pecuniary standard under reasonable circumstances, the stipulated amount should be regarded as liquidated damages, and the parties should be bound by their covenants and the contract so made.
 
 The prime factor in determining whether such sum is a penalty or a forfeiture is whether the sum named is just compensation for damages resulting from the breach.
 

 Id.
 
 at 499 (emphasis added).
 

 Furthermore, although the parties claim that precise damages were not readily ascertainable, preciseness is not the legal standard. Rather, damages must be readily ascertainable, and they must compensate for damages resulting from the breach. There is little doubt that sophisticated business people with a long history in the industry could arrive at a standard or a more formulaic approach for calculating damages. For example, the parties could have agreed to arrive at damages for a breach by calculating a percentage of lost profits (of the specific lost client), or even by reclaiming any profits gained by the breaching party. The parties did neither.
 

 Instead, the liquidated damages clause awarded the non-breaching party $250,000 per breach, regardless of what the actual harm was. This resembles a penalty or deterrent to the breaching party. Use of liquidated damages clauses to this end is never allowed.
 
 See Secrist v. Nat’l Serv. Indus., Inc.,
 
 395 So.2d 1280 (Fla. 2d DCA 1981) (stating liquidated damage provisions operating as a penalty are improper and not enforceable by courts). Where there is doubt as to whether a provision is a penalty or a proper liquidated damages clause, “the tendency of the courts is to construe a provision for payment of an arbitrary sum a penalty rather than one for liquidated damages.”
 
 See T.A.S. Heavy Equip., Inc. v. Delint, Inc.,
 
 532 So.2d 23, 25 (Fla. 4th DCA 1988). Additionally, where a court finds that the provision is a penalty, the plaintiff may only recover the actual damages pled and proven at trial.
 
 See Secrist,
 
 395 So.2d at 1282 (citing
 
 Poinsettia Dairy Prods. v. Wessel Co.,
 
 123 Fla. 120, 166 So. 306 (1936)).
 

 Here, the award of $250,000 per breach would be the same regardless of what harm (if any) actually befell the non-breaching party. It is therefore conceivable that the non-breaching party could collect more in liquidated damages than the actual harm suffered. Thus, the liquidated damages sum has the potential of conferring a windfall to the non-breaching party. This result is unacceptable and unenforceable as it constitutes an award that is disproportionate to the actual harm.
 
 See Coleman v. B.R. Chamberlain & Sons, Inc.,
 
 766 So.2d 427, 429 (Fla. 5th DCA 2000).
 

 We thus conclude that the liquidated damages clause was unenforceable because the damages were readily ascertainable, and it constituted a penalty. Accordingly, we reverse the judgment award of $4,969,339 and remand for a proper determination of the actual damages. We affirm the final judgment in all other respects, including the trial court’s conclusion that the restrictive covenant was en
 
 *802
 
 forceable and that Valerie Goldblatt was jointly and severally liable.
 

 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.